Nov. Term, 1858.

ROSE
v.
WALLACE.

---

## ROSE *v.* WALLACE.

Action by the assignee against the maker of a promissory note. Answer that the note was given for sheep; that the payees represented themselves as dealers in sheep, and acquainted with their diseases, and that the sheep were sound; that defendant was ignorant of the disease called foot-rot; that he

relied upon the representations of the payees; that the sheep had foot-rot, which is contagious; that he had five thousand other sheep with which he desired those purchased to run, of which the sellers had notice; that before he knew that they were diseased, and whilst they were running with his other sheep, the latter were infected; that he was damaged, &c., 1,500 dollars. *Held,* that this was a good defense.

The second paragraph of the complaint set up representations, and the third a warranty, of soundness, &c. Reply, that the price to be paid was 2,100 dollars; that two notes were executed payable at the same time, the one now sued on, and one yet unpaid and held by the payees for 1,000 dollars; that the sheep were worth to the defendant the full amount for which suit is brought; that if the sheep were diseased, their value was not thereby diminished to an amount equal to the other note. *Held,* that the reply was bad on demurrer; that the defendant might set up the damages against either note.

In a suit by the assignee of a promissory note against the maker, the defendant cannot set up the invalidity of the note as between himself and the payee, if the plaintiff purchased the note upon the promise of the defendant to pay it.

APPEAL from the *Laporte* Circuit Court.

HANNA, J.— *Wallace,* as assignee of *Lewis & Co.,* brought an action upon a promissory note against *Rose,* the maker.

*Rose* answered in four paragraphs:

1. A general denial, which need not be further noticed.

The fourth paragraph was in substance as follows:

4. That the note was given for sheep; that the payees represented themselves as dealers in sheep, and acquainted with their diseases, and the sheep were sound and free from disease; that defendant was ignorant of the disease called foot-rot; that he relied upon the representations of the payees; that in fact the sheep were diseased with the foot-rot, which is contagious; that he was then the owner of five thousand other sheep, with which he desired those purchased to run, of all of which the sellers had notice; that before he had any knowledge that they were diseased, and whilst they were running with his other sheep, the latter became diseased with said foot-rot; that he has been compelled to expend, &c., and been damaged by reason of allowing said sheep to run with his other sheep, to the amount of 1,500 dollars.

There was a demurrer filed and sustained to this paragraph of the answer.

It is argued that the paragraph attempts to set up damages for which the payees of the note cannot be held responsible, for the reason that they are too remote, &c. The answer is sufficient. The damage was the proximate and natural result of the wrongful act of the payees of the note. It was a fraud upon the purchaser; for the seller, having notice that his sheep were affected with a contagious disease, and that the purchaser was ignorant thereof, and designed to turn them with other sheep not so affected, to sell them to him. *Jeffrey* v. *Bigelow*, 13 Wend. 518.—Sedg. on Dam. pp. 60, 90.

The second paragraph of the answer was, that the note was given for sheep sold by the payees to the defendant, and by them represented to be sound and free from disease, when, in fact, they were diseased and valueless. And the third paragraph was, that they were warranted sound, and that they were diseased and wholly worthless.

To these two paragraphs of the answer there was a reply, filed in three paragraphs, to-wit:

1. A denial.

2. That the price to be paid for said sheep was 2,100 dollars; that two notes were executed, payable at the same time, the one now sued on, and one yet unpaid, and held by the payees, and for 1,000 dollars; that the sheep were worth to the defendant the full amount for which this suit is brought; that whilst he protests that the sheep were not diseased, nor were false representations made, &c., yet, if they were in any manner diseased, their value was not thereby diminished to a sum equal to the other note.

There was a demurrer to this paragraph of the reply, which should have been, but was not, sustained. The defendant had a right to set up the damages against either note. *Cox* v. *Reynolds*, 7 Ind. R. 260.

The third paragraph of the reply was, that before he purchased said note, the defendant, having knowledge that he was about to do so, stated to him, upon application made for information, that the note was good and would be paid, and that relying upon said representations he purchased it.

As to this paragraph of the reply, the demurrer was cor-
rectly overruled. Similar representations as to the valid-
ity of a note have been held binding. *Sloan* v. *The Rich-*
*mond Tra. and Man. Co.*, 6 Blackf. 175.—*Muchmore* v.
*Bates*, 1 *id*. 248.—*Williams* v. *Rank*, 1 Ind. R. 231 (1).

There was a finding and judgment for the plaintiff.

The evidence is not in the record, and we are, therefore, not apprised whether the plaintiff sustained the third paragraph of his reply or not. The finding of the Court may have been produced by evidence given under the second paragraph of the reply, or by a failure of the defendant to sustain the second and third paragraphs of the answer, when he might have sustained the fourth.

The judgment must, therefore, be reversed.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*A. L. Osborn*, for the appellant (2).

*J. B. Niles*, for the appellee (3).

(1) See *Powers* v. *Talbott, ante*, 1.

(2) Mr. *Osborn* cited the following authorities:

The demurrer to the fourth paragraph of the answer should have been overruled. It was not such as the statute contemplates. *Lane* v. *The State*, 7 Ind. R. 427.

Recoupment will be allowed whenever an action for damages can be sustained, and circuity of action thus avoided. *Houston* v. *Young*, 7 Ind. R. 200.

(3) Mr. *Niles*, in his brief, cited authorities to the following points: