*D. D. Pratt,* for the appellant.

*J. R. Flynn,* for the appellees.

May Term,
**1861.**

Rose
v.
Teeple.

---

Rose *v.* Teeple.

```
16  37
140  3
```

Where the maker of a promissory note is inquired of, by a person proposing to take an assignment of the note, as to the validity thereof, and answers that he has no defense against it, he is estopped from setting up any defense against such person, or his assignee.

APPEAL from the *La Porte* Common Pleas.

Davison J.—*John P. Teeple* sued *David Rose* upon a promissory note for the payment of $1,100. The note bears date *June* 29, 1854, was payable to *Norman Lewis & Co.*, at twelve months, and by them indorsed to one *Abijah Wallace,* who indorsed it to the plaintiff. Defendant answered by five paragraphs. As the third and the reply thereto, sufficiently raise the only point made in the case, the other paragraphs will not be further noticed. The third paragraph alleges that the note was given to *Norman Lewis & Co.,* the payees, for sheep sold by them to the defendant; that they represented to him that they brought the sheep from Vermont, and that they were sound and free from disease; when, in truth, they were not sound, but were infected with a disease called "foot-rot," by which they became wholly valueless. That

*Monday,*
*May 27.*

defendant at the time was ignorant of the disease with which the sheep were infected; that the payees represented themselves as dealers in sheep, and well acquainted with them and their diseases, and that defendant, in making the purchase and giving the note, relied on their representations. It is averred that the plaintiff, when he purchased the note, well knew that defendant had, or claimed to have, a defense to it.

Plaintiff replied: 1. By a general denial. 2. That shortly after the making of the note, and before it became due, *Lewis & Co.*, the payees, proposed to sell the note to *Abijah Wallace*, for $954 in cash: that *Wallace* was willing to purchase it at that price, provided the defendant had no defense to it, and, thereupon, with a view to purchase said note, he, *Wallace*, called on the defendant, informed him of the pending negotiation, and that he would purchase the note if it was all right, and would be paid without objection when due, and inquired of him whether there would be any defense made to the note. To which inquiry the defendant, then, answered and informed *Wallace* that said note was all right—would be paid when due, and that he might safely purchase it. And, thereupon, *Wallace*, relying on said representations, bought the note of the payees, and in good faith paid them $954 for the same, took an assignment of the note, and afterward sold and assigned it to the plaintiff.

Defendant demurred to this paragraph of the reply; but the demurrer was overruled, and he excepted. The issues were then submitted to a jury, who found for the plaintiff, and the Court, having refused a new trial, rendered judgment on the verdict.

It is conceded that the facts stated in the reply would be, in a suit upon the note by *Wallace* against the maker, sufficient to estop the maker from setting up the matter alleged in the third defense, but contended "that such estoppel is available only in favor of him to whom the admissions constituting the estoppel were made; because he has acted upon it, and placed himself in a position which he otherwise would not have assumed." This exposition seems to be incorrect. The note while in the hands of *Wallace* was still assignable.

He had a right to use it in the payment of his debts, or to raise money by selling or pledging it; and in making such use, or sale of the note, he is entitled to the full benefit derived from the estoppel. But this can not be, unless such estoppel is held to operate in favor of his assignee or vendee, because, if it does not so operate, the value of the note while in his hands would be materially decreased. We are of opinion that the position of the plaintiff may be assimulated to that of a purchaser of land with notice of an equitable claim, from one who was a *bona fide* purchaser, for a valuable consideration, without notice. In such case, the purchaser with notice is protected, "for otherwise, such *bona fide* purchaser would not enjoy the full benefit of his own unexceptionable title. Indeed, he would be deprived of the marketable value of such title." 1 Story's Eq. Jur., §§ 409, 410. Upon the principle thus enunciated, it seems to us that the estoppel, in this instance, is as effective in favor of the plaintiff, as if the suit had been instituted in the name of his assignor.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*James Bradley*, and *D. J. Woodward*, for the appellant.

*J. B. Niles*, for the appellee.