Rose *et al. v.* Hurley.

*S. Claypool,* for appellants.

*J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellee.

---

## ROSE ET AL. *v.* HURLEY.

WARRANTY.—*Fraud.*—A transaction cannot be characterized as a warranty and a fraud at the same time.

SAME.— *Contract.— Tort.*—A warranty rests upon contract; while fraud or

fraudulent representations have no element of contract in them, but are essentially a tort.

SAME.—*Parol Evidence.*—If a suit is founded on a warranty in the sale of a patent right, then the contract of warranty must be in the deed by which the law requires these rights to be transferred; and if it does not so appear in the deed, it cannot be shown by parol.

FRAUDULENT REPRESENTATIONS.—The purchaser of a patent right may rely upon the representations of the seller as to what is covered by the patent.

SAME.—If there is no patent for a part of that which is exhibited by the seller to the buyer as an invention, there is fraud.

PLEADING.—*Answer.—Fraud.—Rescission.*—In a suit upon a promissory note given for a patent right, where the maker of the note defends on the ground of fraud in the sale of the patent, where the right has been conveyed to the maker, and he does not allege in his answer that he has made no profits out of its use or sale, or an offer to reconvey the right within a reasonable time after discovering the fraud, the answer is bad.

ESTOPPEL.—Where the maker of a promissory note is inquired of by a person proposing to take an assignment of the note, as to the validity thereof, and answers that he has no defence against it, he is estopped from setting up any defence against such person or his assignee.

APPEAL from the Bartholomew Common Pleas.

DOWNEY, J.—Suit by the appellee against the appellants on a promissory note executed by the defendants to one Matthias Gates, indorsed by him to one Moses Marring, and indorsed by Marring to the plaintiff.

The defendants answered, first, that the note was given in consideration of the sale by the payee of the right to make, use, and vend a certain alleged improvement in churns, for which letters patent had been issued to one David Gates, which consists of a radiated dash and tube connected therewith, and was so patented; and they say that said alleged patented invention, to wit, the said radiated dash and tube connected therewith, are not new or useful, nor an improvement in churns, and are wholly worthless.

Second. That said note was given in consideration of the sale by said Gates of the right to make, use, and vend a certain alleged patent improvement in churns, for which letters patent had been issued to one David Gates; and they say that said Matthias Gates had no right or authority whatever to make, use, or vend, or transfer to others any right

whatever to make, use, or vend said pretended invention, and that said note is therefore without any consideration whatever.

Third. That said note was given in sole consideration of the sale by said Matthias Gates of the right to make, use, and vend a certain improvement in churns, to wit, in the dash radiated and the use of a tube to keep the dash in place, for which letters patent had been issued to one David Gates; and to induce defendants to execute said note, and whereby they were so induced, said Matthias falsely and fraudulently represented and warranted that said invention was new and useful, whereas, in truth, the same was not new and useful, but wholly worthless.

Fourth. That said note was given in consideration of the sale of the right to make, use, and vend an alleged improvement in churns, patented by one David Gates; and they say that said patent and specifications do not describe the churn in use so that it can be known in what the improvement consists.

Fifth. That said note was given in consideration of the sale and conveyance of a certain right to make, use, and vend a pretended improvement in churns, for which said Matthias Gates represented that letters patent had been issued to one David Gates; and to induce said defendants to make said purchase and give said note, and whereby they were so induced, said Matthias Gates then presented to defendants a certain model churn, which he falsely and fraudulently represented and warranted was the thing patented as an entire improvement, when in truth said patent was only upon a very small part thereof, to wit, on the dash and mode of fastening said churn to the frame on which it stood; and defendants say that they had no knowledge of the contents of said letters patent, or what was conveyed thereby, but relied on said representations. The part so patented does not at all add to the value of said churn, but is indeed an injury thereto. All of which facts were well

Rose *et al. v.* Hurley.

known to said Matthias, and his representations aforesaid were false and fraudulent.

The plaintiff demurred to the paragraphs of the answer separately, because they did not state facts sufficient to constitute a defence to the action. The demurrers were overruled as to the first, second, third, and fourth, and sustained as to the fifth. Exceptions were taken.

The plaintiff replied to all the paragraphs of the answer; first, the general denial; and, second, that the payee of said note, prior to the ownership thereof by the plaintiff, in a short time after the execution thereof, proposed to sell the same to one Moses Marring, who, before he did or would purchase the same, saw said defendants, and informed them of said proposition by said Gates, and of his intention to purchase the same; and said defendants then and there informed the said Moses Marring that said note was all right, that they intended to pay the same when it became due, and that they had no defence thereto; and said Moses Marring, relying on said representations of said defendants, and believing said note to be all right, did thereafter, in good faith, purchase said note and pay full value therefor, not knowing of any defence thereto; and said Moses Marring thereafter indorsed said note to this plaintiff, who paid full value therefor in good faith, without any notice of any defence thereto; wherefore defendants are estopped.

The defendant demurred to the second paragraph of the reply; his demurrer was overruled, and he excepted. There were two other paragraphs of the reply, but they were withdrawn.

The issues were tried by a jury, and there was a verdict for the plaintiff, on which, after a motion for a new trial had been made and overruled, final judgment was rendered.

The overruling of the demurrers of the defendant to the third and fourth paragraphs of the reply, and the refusal to grant a new trial, are assigned for error; but we need not consider these points, for the reasons that the third and fourth paragraphs of the reply were withdrawn, as we have

Rose *et al. v.* Hurley.

seen, and the evidence is not in the record, nor is any question relating to the regularity of the trial presented.

The only questions properly presented are those relating to the correctness of the rulings of the court in sustaining the demurrer to the fifth paragraph of the answer and in overruling the demurrer to the second paragraph of the reply.

The fifth paragraph of the answer, whatever authority may be found for it, is a kind of pleading which tends to confusion of ideas and consequent error. The same transaction cannot be characterized as a warranty and a fraud at the same time. A warranty rests upon contract, while fraud or fraudulent representations have no element of contract in them, but are essentially a tort. When judges or law-writers speak of a fraudulent warranty, the language is neither accurate nor perspicuous. If there is a breach of warranty, it cannot be said that the warranty was fraudulent, with any more propriety than any other contract can be said to have been fraudulent, because there has been a breach of it. On the other hand, to speak of a false representation as a contract or warranty, or as tending to prove a contract or warranty, is a perversion of language and of correct ideas. The language of the paragraph in question is that the payee of the note "fraudulently represented and warranted," etc. We cannot tell, from this language, whether the pleader means to put the defence on the ground of contract or of tort. If it was designed to be put on the ground of contract or warranty, then the contract or warranty should have been in the deed by which the law requires these rights to be transferred; and if it did not appear in the deed, it could not be shown by parol. *McClure* v. *Jeffrey*, 8 Ind. 79.

If it was intended to be in tort for a fraudulent representation, it should have been a misrepresentation with reference to a material matter upon which the defendants had a right to rely, and upon which they did rely, the truth with reference to which was unknown to them. If in consequence of such a misrepresentation they made the contract,

this would amount to fraud.   Losing sight, for the present, of what is said in the fifth paragraph about a warranty, the allegation is, that the note was given for the right to make, use, and vend a pretended patent in churns, for which said Matthias Gates represented that letters patent had been issued to one David Gates; and that, to induce the defendants to make the purchase and give the note, and whereby they were so induced, said Matthias Gates then presented to the defendants a certain model churn, which he falsely and fraudulently represented was the thing patented as an entire improvement, when in truth said patent was only upon the dash and the mode of fastening the churn to the frame on which it stood; that the defendant had no knowledge of the contents of the letters patent, or what was conveyed thereby, but relied upon said representations; that the part so patented did not add to the value of the churn, but was an injury thereto, etc.

Had the defendants a right to rely upon a representation as to what was contained in the letters patent?   It is alleged that the payee of the note knew their contents, and that the defendants did not.   The payee was not the patentee, nor does it appear that he had possession of the original letters patent or a copy thereof, or how he knew their contents. They are of record at Washington, and were, for anything that appears, equally accessible to both parties.   But the defendants took and acted upon the statements of the payee of the note with reference to their contents.   Had they a right to do so?

It has been decided by this court that a misrepresentation with reference to the legal effect of an instrument executed by one of the parties to the other, is not a misrepresentation upon which fraud can be predicated.   *Clem* v. *The New-castle, etc., Railroad Co.*, 9 Ind. 488.

In the case of *Mead* v. *Bunn*, 32 N. Y. 275, the question arose whether a misrepresentation by one party to the other of the contents of a recorded mortgage constituted fraud or not; and it was held that it did, and that the omission of a

party to make inquiries as to the truth of such statements could not be imputed to him as negligence. We conclude that the purchasers of the patent had a right to rely upon the representations made to them by the payee of the note, as to what was covered by the patent. If there had been no patent, and if it had been represented that there was a patent, we think it would be a fraud. If there was no patent for a part of that which was exhibited as the invention, we think the rule would be the same. But it is insisted that the paragraph is bad, for the reason that it does not show when the defendants discovered the fraud, and that they then rescinded the contract. We are of the opinion that the paragraph was bad for this reason. A party who would rescind a contract on the ground of fraud must offer to do so in a reasonable time after discovering the fraud, and the general rule is that the parties must be placed in the identical situation in which they were on entering into the contract. *Gatling* v. *Newell*, 9 Ind. 572. The defendants received a conveyance of the patent right, and they do not allege that they made no profits out of its use or sale; nor do they offer to reconvey the right. We think for these reasons it was not error to sustain the demurrer to the paragraph of the answer in question.

The only other question in the case relates to the sufficiency of the second paragraph of the reply, setting up the estoppel. It proceeds on the ground that the defendants cannot honestly set up the defence on which they rely. We think that this paragraph of the reply was sufficient. It is in substance the same as the pleadings setting up a similar state of facts in the following cases in this court: *Rose* v. *Teeple*, 16 Ind. 37; *Wright* v. *Allen*, 16 Ind. 284; *Powers* v. *Talbott*, 11 Ind. 1; *Rose* v. *Wallace*, 11 Ind. 112. Other cases to the same effect might be cited. There is no error in the record.

The judgment is affirmed, with costs.

*R. Hill* and *G. W. Richardson*, for appellants.

*F. T. Hord*, for appellee.