## No. 3388.

MRS. REGINA PHILLIPS *v.* THE LOUISIANA EQUITABLE LIFE INSURANCE COMPANY.

The insurance company, defendant in this case, refuses to pay, on the ground that the policy excepted liability, "if the insured should die by his own hands," and it alleges that he committed suicide.

It is evident that these words can not be interpreted in their literal sense, for they would exempt the company from liability if the insured came to his death by the accidental discharge of a gun or pistol in the hands of the insured, or if he took poison through a mistake, while they would not exempt the company from liability if the insured were to commit suicide by jumping into a precipice or a river. Therefore the intention of the parties must be sought in order to explain the latent ambiguity of the words, and the court thinks that the common intent was to exempt the company from liability from the *voluntary destruction* of the insured by whatever means accomplished.

It is not believed that, by the expression above mentioned, the parties intended to exempt the risk that the insured might become insane, and might, when in that state, commit suicide.

The test of responsibility in civil, as well as in criminal cases, is the state of the actor's reason or mental faculties. Therefore, if the deceased were insane when he committed the act of self-destruction, no responsibility attached to his act.

The onus of proof is on the party who affirms the fact that the insured died by his own hand, and this has not been legally proved in this case.

It is true that the witnesses who testify as to his death express it as their *opinion* that he killed himself or committed suicide, but their opinions can not be regarded as evidence of the fact; nor do the facts and circumstances proved point to the voluntary self-destruction of the insured, to the exclusion of all other reasonable hypothesis. But if that fact were established, the plaintiff has proved that the deceased was insane at the time of and before his death.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *Cotton & Levy* and *A. B. Phillips,* for plaintiff and appellee. *Breaux, Fenner & Hall,* for defendant and appellant.

LUDELING, C. J. This action was instituted to recover the amount of a policy of insurance on the life of H. F. Morse, issued on the fourth of October, 1869. Morse died at Abbeville, Louisiana, on the fifteenth of March, 1870.

Proof of his death was made by his widow, and payment was declined, on the grounds that the proof furnished of the death also proved he had committed suicide, and that the policy excepted liability of the company "if he should die by his own hands."

The questions presented for solution are new in this State. They are:

*First*—What is the meaning of the exception, " if he die by his own hands ?"

*Second*—Did the assured take his own life, and was the policy avoided thereby ?

I. It is evident the words can not be interpreted in their literal sense, for they would exempt the company from liability if the insured came to his death by the accidental discharge of a gun or pistol in the hands of the insured, or if he took poison through a mistake, while they would not exempt the company from liability if the insured were to commit suicide by jumping from a precipice or into the river. Therefore the intention of the parties must be sought in order to explain the latent ambiguity of the words. C. C. 1945, 1950. This common intent, we think, was to exempt the company from liability for the voluntary self-destruction of the insured, by whatever means accomplished

The defendant ingeniously argues that this clause or proviso of the policy should be interpreted to mean any suicide, and especially suicide superinduced by insanity, as the voluntary suicide of one not insane would be such a fraud upon the company that the insured could not recover even in the absence of the proviso; and he cites the case in 27 Penn. Report, p. 466, Hartman *v.* Keystone Insurance Company. We can not agree with him. We do not believe the parties intended to exempt the risk that the insured might become insane and might, when in that state, commit suicide. But we think that it was to guard against the possibility of the very fraud spoken of by the counsel that the clause was inserted in the policy. The test of responsibility in civil, as well as in criminal cases, is the state of the actor's reason or mental faculties. Blackstone, vol. iv. pp. 21 and 189 ; C. C. art. 1788, 1789. Therefore if the defendant were insane when he committed the act of self-destruction, no responsibility attached to his act.

II. Did the insured die by his own hand? The onus of proof is on the party who affirms this fact. And we do not think it has been legally proved. It is true that the witnesses who testify as to his death express it as their opinion that he killed himself or committed suicide; but their opinions can not be regarded as evidence of the fact. Nor do the facts and circumstances proved point to the voluntary self-destruction of the insured, to the exclusion of all other reasonable hypothesis. All the facts and circumstances proved, in regard to his death, are that he retired to his room at bedtime, and about one o'clock at night the report of a pistol was heard. When the inmates of the house came to the room, the insured was found in a reclining posture on the sofa and a pistol was lying on the floor near by. He had been shot in the mouth. It is possible that he might have shot himself

accidentally, or that an enemy might have found him sleeping with his mouth open and shot him in the mouth to avert suspicion. The evidence, being circumstantial only, proves nothing since it does not exclude all other reasonable hypothesis. But if that fact were established the plaintiff has proved that the deceased was insane at the time of and before his death. See Reynolds on Life Insurance, page 105, *et seq.*, Mutual Life Insurance Company of New York in error *v.* Mary Terry, decided by the Supreme Court of the United States in April, 1873.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed, with costs of appeal.

Rehearing refused.