## WILLIAM B. KNOX V. BENJAMIN F. WIBLE.

*Consequential Damages under Warranty.*—Where one purchases a horse under the representation that the animal is sound and well, but it turns out that he has a deadly contagious disease which he communicates to other animals, and of which these die, the purchaser can maintain an action for both direct and consequential damages.

Filed May 23, 1881.

Appeal from Washington Circuit Court.

A. B. Collins, T. B. Buskirk, G. W. Friedly and E. D. Pearson for appellant, cited Pomeroy on Remedies, as to uncertainty of paragraphs in complaint; as to what constitutes an action in tort and not on warranty, Id. 558; as to measure of damages, Sedgwick on Damages, 329.

S. B. Voyles and H. Morris, of counsel for appellees, cited, *Gray* v. *Rich*, 10 Ind. 430; *Love* v. *Oldham*, 22 Ind. 52, as to tender of property back upon discovery of unsound condition; *Frenzel* v. *Miller*, 37 Ind. 1, as to what constitutes a fraudulent representation; also on same point, *Krewser* v. *Cloud*, 45 Ind. 273; *Mattock* v. *Field*, 19 Ind. 131; *Woodruff* v. *Garner*, 27 Ind. 4; *McFerran* v. *Taylor*, 3 Cranch, 281; *Smith* v. *Richard*, 13 Peters, 38. As to measure of damages, *Fultz* v. *Wycoff*, 25 Ind. 321; Bouv. Law Dic. vol. 1, p. 422; *Booker* v. *Goldsborough*, 44 Ind. 490; *Hull* v. *Kirpatrick*, 4 Ind. 637; *Sharon* v. *Mosher*, 17 Barb. 518;

*Rose* v. *Wallace*, 11 Ind. 112 ; *Baird* v. *Graham*, 1 Stuart (S. C.) 578 ; Hanover on Horses (Deceit). As to *caveat emptor*, 18 Maine 418 ; 10 S. & M, 476 , 25 Ind. 26 ; 27 Ind. 27.

Horace Heffron and Jno. A. Zaring of counsel for appellee, cited Hanover on Horses, pp. 143, 362 ; *Fish* v. *Fauch*, 12 Wis. 276 ; *Devine* v. *McCormick*, 50 Barb. 116 ; *Pearse* v. *Turpin*, 38 Vt. 432 ; *Ketchum* v. *Wells*, 19 Wis. 25 ; *Lord* v. *Grover*, 39 Penn. 88 ; *Bond* v. *Meyer*, 8 Wis. 362 ; *Brown* v. *Eddington*, 4 M. & W. 486 ; *Smith* v. *Justice*, 13 Wis 600 ; *Frensel* v. *Miller*, 37 Ind. 1, as to what representations constitute a warranty. Also 5 Blackf. 222 ; 1 Woodb. & M. 90. As to false statements uttered under belief of their truth, 2 Parsons on Cont. 775 ; *Taylor* v. *Ashton*, 11 M. & W. 401 ; *Ainslee* v. *Medlicott*, 9 Vesey 13 ; *Shackleford* v. *Handley*, 1 A. K. Marsh. 500 ; *Monroe* v. *Pritchett*, 16 Ala. 785 ; *McFerran* v. *Taylor*, 3 Cranch 281 ; *Smith* v. *Richards*, 13 Peters 38; 6 Vesey 180, 189 ; *Daniel* v. *Mitchell*, 1 Story 172 ; *Pearson* v. *Morgan*, 3 Br. Ch. Ca. 388 ; *Furan* v. *Foulmier*, 9 Ala. 662 ; *Turner* v. *Haruey*, Jacob 169 ; *Reed* v. *Dixon*, 7 Ind. 189 ; *Shaeffer* v. *Brown*, 7 Blackf. 178 ; *Krewson* v. *Cloud*, 45 Ind. 273 ; 44 id. 498 ; 41 id. 492 ; 37 id. 244 ; 46 id. 17 ; 4 id. 637 ; Story on Sales, 157.

Opinion of the court by Mr. Justice Niblack.

Suit by Benjamin F. Wible against William B. Knox for deceit in the sale of a horse, resulting in consequential damages.

The complaint was in three paragraphs.

The first averred that, on the 18th day of September, 1878, and prior thereto, the plaintiff was engaged in business which required him to own and use horses and mules ; that he did, on that day, own two mares and two mules, of the value of one hundred dollars each, all of which were sound and in good condition ; that at that time defendant was the owner of a certain sorrel horse ; that, for the purpose of inducing and procuring the plaintiff to purchase said sorrel horse and take the same into his possession, the defendant falsely and fraudulently represented to the plaintiff that said horse was sound and well except a slight distemper, of which he was about well ; that the plaintiff fully believed said false representations to be true, and wholly relied upon them, and was induced thereby to purchase, and did purchase, said horse and take him into possession ; that at the time the plaintiff so became the purchaser

thereof, the said sorrel horse had the contagious and deadly disease known as glanders, of which fact he, the plaintiff, was entirely ignorant; that said horse communicated said disease to the plaintiff's said mares and mules, by reason of which they became sick and disordered, and in consequence of which the plaintiff was put to great trouble and expense, and hindered and delayed in his business; that said horse, mares and mules ultimately died from said disease, and the value thereof became wholly lost to the plaintiff.

The second and third paragraphs were substantially similiar to the first, except that the second charged the disease to be Favey.

Separate demurers to all the paragraphs of the complaint were overruled and the defendant answered in general denial.

A jury returned a verdict for the plaintiff for six hundred and ninety dollars, and, after overruling a motion for a new trial, the court rendered judgment against the defendant upon the verdict. The objection urged to the several paragraphs of the complaint is that they were too indefinite and uncertain in their allegations. But that objection was not reached by the demurrers to those paragraphs. It ought to have been raised, if at all, by a motion to have the paragraphs made more certain and definite. All of the paragraphs were, we think, substantially sufficient upon demurrer, and constituted good causes of action, both for direct and consequential damages.

This conclusion is sustained by the following authorities, as well as others which might be cited: Hanover on Horses, 186, 187. *Rose* v. *Wallace*, 11 Ind. 112; *Fultz* v. *Wycoff*, 25 Ind. 321.

It is insisted that the verdict was not sustained by sufficient evidence, and that the damages were excessive.

The evidence was quite conflicting, but there was evidence tending, in all essential respects, to sustain the verdict. We cannot therefore disturb the verdict upon the evidence. The jury evidently went to the utmost limit in the assessment of the damages, but we would not be justified in holding that the damages were absolutely excessive.

No sufficient reason has been shown for a reversal of the judgment.

The judgment is affirmed with costs.