No. 10,930.

## PLUMMER v. FARMERS BANK OF MOORESVILLE.

ESTOPPEL.—*Promissory Note.*—*Assignor and Assignee.*—*Defence.*—If the maker of a promissory note knows that another person is about to purchase it, and he informs such person, upon enquiry, that he has no defence and will pay the note, and such person purchases the same upon the faith of such promise, such maker is estopped to assert any defence against such purchaser, though he was ignorant of his defence at the time his promise was made.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby,* for appellant.

*G. W. Grubbs* and *M. H. Parks,* for appellee.

BEST, C.—This action was brought against the appellant upon a note of $1,000, executed by him to George F. Bridges, who endorsed it to the appellee.

The appellant answered, alleging that the note was given for real estate conveyed to him by the payee by warranty deed,

and that he had been compelled to pay $107 taxes and $48 interest upon a mortgage, which were then liens upon the land. These sums he sought to deduct from the amount due upon the note.

The appellee replied that before purchasing the note its agent called upon the appellant, informed him that it was about to purchase the same, and enquired of him whether the note was valid, and whether there were any defences to it; whereupon the appellant informed it that the note "was all right; that he had no defences to the same, and that he would pay it off in a few days thereafter;" that relying upon such statements, and believing them to be true, without any knowledge that any defence existed to said note, the appellee, for value, purchased the same. Wherefore, etc.

A demurrer to the reply was overruled, the cause tried, and, over a motion for a new trial, judgment was rendered for the appellee. These rulings are assigned as error.

The appellant insists that the reply was bad, because it is not averred that he knew of his defence at the time his statements were made. He maintains that a party is not estopped, by his statement that he has no defence, to assert a defence of which he was ignorant when his statement was made, and hence the reply, to be sufficient, should aver that he knew of such defence at that time.

Without holding that such is or is not the rule of law, we will merely say that the case assumed is not the case made by the reply. The reply avers that the appellant, upon being informed that the appellee was about to purchase the note, and in answer to an enquiry as to defences, stated, not only that he had no defences, but that he would pay the note in a few days. This statement was a promise to pay the note, and it is well settled by authority that such promise estops the party making it from asserting any defence to such note against an assignee who purchased the same upon the faith of such promise, whether the party was or was not ignorant of his defence at the time the promise was made. In many cases in

this State it has been held, that where the maker of a note promises a person, who he knows is about to purchase it, to pay the note, and such person purchases upon the faith of such promise, the maker is estopped to question the validity of such note or assert any defence to it as against such pur-chaser. The following are among the cases in which this proposition has been held: *Powers* v. *Talbott*, 11 Ind. 1; *Rose* v. *Wallace*, 11 Ind. 112; *Wright* v. *Allen*, 16 Ind. 284; *Morrison* v. *Weaver*, 16 Ind. 344; *Vaughn* v. *Ferrall*, 57 Ind. 182. There may be other cases in which the same doctrine has been asserted. In the case last above cited, a precisely sim-ilar reply was held sufficient.

It is proper, however, to remark that it does not appear from any of these cases that the persons sought to be estopped were ignorant of their defences at the time their several promises were made, and it may be said that these cases do not decide the precise question here presented, but, as the lan-guage employed is broad enough to embrace all defences, we think they must be so regarded.

The case of *Sloan* v. *Richmond, etc., Co.*, 6 Blackf. 175, was an action by the assignee of a promissory note in which the maker alleged in defence that the note was procured by fraud. The assignee replied that before he purchased the note the maker promised him to pay it, and the maker rejoined that at the time he promised he was ignorant of his defence. Upon appeal, it was conceded that the rejoinder could not be suppor-ted, and the court held that the promise precluded the maker from asserting his defence. This case is directly in point.

In *Cloud* v. *Whiting*, 38 Ala. 57, the rule is thus stated: Where a "note is purchased by a third person on the faith of a promise by the maker to pay it, the latter is thereby estopped from setting up the invalidity of the note as be-tween himself and the payee, whether on the ground of fraud in the original contract, not known to the maker at the time of such promise, or of subsequent failure of consideration; and will be compelled to pay the assignee at all events."

Several cases are cited to support this proposition, among which are the cases of *Powers* v. *Talbott* and *Rose* v. *Wallace*, above cited, from our own reports.

These cases fully establish the proposition that such promise, as is alleged, will estop the maker from asserting any defence to such note as against such assignee, whether known or not at the time the promise was made.

This conclusion is in entire harmony with the doctrine that where one, in ignorance of his rights, suffers another to invest in his property, such person is not thereby estopped from thereafter asserting such rights.

As to whether a different rule obtains where no promise is made, we express no opinion, as no such question is presented. The reply, for the reasons given, was sufficient, and the demurrer properly overruled.

The only ground for a new trial was the refusal of the court to permit the appellant to prove that he was ignorant of his defence at the time his promise was made. There was no error in this ruling, as has been shown, and as there is none in the record the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.