# Supreme Court of Judicature

###### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1894, IN THE SEVENTY-NINTH YEAR OF THE STATE.

◆

No. 16,994.

## KRATHWOHL ET AL. *v.* DAWSON, GUARDIAN.

ESTOPPEL.—*Representations Made by Maker of Promissory Note.—Alteration.— Purchaser.*—Representations by the maker of promissory notes which were examined by him at the time, to one about to purchase them, that the notes were all right and would be paid as they matured, and the purchaser, on the faith of such representations, and in good faith for full value, estop the maker from defending against the notes on the ground that they had been altered since the date of their execution and prior to such purchase.

SAME.—*Defense of Extends to Assignee of Purchaser.*—In such case, the defense of estoppel extends to the assignee of the purchaser.

SAME.—*When Estoppel of Husband Extends to Wife.—Purchase-Money Notes.—Real Estate.*—The notes in such case being given for the purchase-price of land, by the husband, the facts which estop him also estop the wife, and it was not necessary that she should have joined in their execution.

DEMURRER.—*To Reply.—Insufficient in Form.—Not Statutory Ground.*—A demurrer to a paragraph of reply, "that said paragraph does not contain facts sufficient to constitute a good defense or reply to

Krathwohl *et al. v.* Dawson, Guardian.

the answer filed herein," is improper in form, and does not state a statutory reason for demurrer, and should be overruled.

Opinion on petition for rehearing by JORDAN, J.

From the Fulton Circuit Court.

*J. Rowley, M. A. Baker, I. Connor* and *W. W. Mc-Mahan,* for appellants.

*G. W. Holman* and *R. C. Stephenson,* for appellee.

COFFEY, J.—This was an action by the appellee, in the Fulton Circuit Court, against the appellants, to recover a personal judgment against the appellant, John Krathwohl, on the promissory notes set out in the complaint, and to foreclose a mortgage executed to secure the same, against him and the other appellant, who is his wife.

A trial of the cause resulted in the relief sought.

As the court granted to the appellee all the relief prayed for, we must assume that it found all the issues in his favor. The facts, as developed by the pleading and evidence on the part of the appellee, are that on the 17th day of September, 1888, the appellant, John Krathwohl, executed the notes and mortgage in suit to Henry Rouch, to secure the balance of the unpaid purchase-money for the land described in the mortgage. His wife did not sign either the notes or mortgage. Rouch assigned the notes and mortgage to John Q. Howell, who sold and assigned the same to the appellee, as the guardian of Edith E. Cowgill, a minor.

The appellant and his wife each pleaded *non est factum* to the notes, claiming that since their execution there had been a material alteration in each of them.

To these pleas the appellee replied by way of estoppel to the effect that Howell purchased and paid full value for the notes on the faith of representations made to him by the appellant, John, that the notes were all right and would be paid when they became due.

The evidence on the part of the appellants tends to prove that the notes in suit contained a clause to the effect that they should draw interest from the first day of March, 1889, which clause had been erased after their execution, making them draw interest from the 17th day of September, 1888, the date on which they were executed.

The evidence on behalf of the appellee tended to prove that before Howell purchased the notes he took them to the appellant, John Krathwohl, and told him he was about to purchase them, but before doing so he desired to know whether there was any defense against them. Krathwohl took them into his possession, and, after reading them, said they were all right and would be paid as they fell due, and that on the faith of such statement he purchased the notes and paid full value for them in good faith. If any alteration has been made in the notes it was made prior to the time Howell purchased them.

The representation by the appellant to Howell that the notes in suit were all right and would be paid as they matured, and the purchase of the notes in good faith for full value on the faith of such representation, estopped the appellant, we think, from defending against the notes on the ground that they had been altered since the date of their execution. *Sloan* v. *Richmond, etc., Co.*, 6 Blackf. 175; *Bowers* v. *Talbott*, 11 Ind. 1; *Rose* v. *Wallace*, 11 Ind. 112; *Wright* v. *Allen*, 16 Ind. 284; *Morrison* v. *Weaver*, 16 Ind. 344; *Vaughn* v. *Ferrall*, 57 Ind. 182; *Plummer* v. *Farmers' Bank, etc.*, 90 Ind. 386; Herman Estoppels, 771–775; *Rose* v. *Teeple*, 16 Ind. 37.

The appellee, having derived his title to these notes through Howell, was entitled to avail himself of the estoppel existing in favor of his assignor. *Rose* v. *Teeple, supra; Rose* v. *Hurley*, 39 Ind. 77.

As the notes and mortgage in suit were executed to

secure the purchase-price of the land described in the mortgage, it was not necessary that the wife of the mortgagor should have executed either. She had no interest in the land as against the purchase-money. We are of the opinion, therefore, that whatever would estop him from defending against the payment of the purchase-money would estop her also. It is not claimed by either of the appellant's that the amount of money represented by the notes in suit has been paid, nor is it denied that it is the purchase-price of the land described in the mortgage.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed Oct. 30, 1894.

## ON PETITION FOR A REHEARING.

JORDAN, J.—Counsel for appellants insist that a rehearing ought to be granted because the court erred in its decision upon the following points:

1st. In holding that the representations of the appellant John Krathwohl, upon which appellee based his estoppel, would also serve to estop his wife and coappellant herein when she set up the same facts in her defense to the action as were set up and relied on by her husband.

2d. In holding that the appellee who acquired the notes and held the ownership thereof, together with the mortgage by assignment, was entitled to avail himself of the estoppel existing in favor of his assignor.

3d. In not considering the motion in arrest of judgment.

4th. In not considering the motion to modify the judgment.

At the earnest request of appellants' learned counsel,

we have again examined and considered the questions involved in this case, and have carefully read the evidence.

There can be no question, we think, but what the co-appellant and wife of John [Krathwohl was, under the facts in this case, as stated in the first proposition, in like manner estopped as her said husband. Upon the second proposition, the rule is elementary that where the principle of estoppel relied on exists in favor of the holder of a note against the defense of the maker to the payment thereof, it is available in favor of the person to whom the holder assigns it. The reason of this rule is obvious, for if the estoppel did not operate in favor of the assignee, the value of the note in the hands of the assignor or holder would be materially decreased, and the right to sell and transfer all of his title thereto would be impaired. This principle of the law is fully supported by the authorities cited in the original opinion. The appellants press upon us for consideration as an authority in support of their position upon the question of estoppel herein, the case of *Brickley* v. *Edwards*, 131 Ind. 3, but the facts upon which that decison was based were quite different from those in this cause. This court, in that case, simply adhered to the rule "that declarations or representations made to one party can rarely operate as an estoppel in favor of another."

It is contended, by the appellants, that the complaint is defective for the reason that it does not describe the mortgaged premises. But a copy of the mortgage was attached to and filed with the complaint and made a part thereof, and the description of the realty therein was referred to by proper allegations. This, we think, made the pleading sufficient on demurrer, and for the further reason that under the averments therein the plaintiff was entitled to recover upon the note that had matured. We must suggest, however, that the complaint in question

is by no means a model, and can not receive the approval of this court as a specimen of good pleading.

The appellants complain of the court for overruling their demurrer to the second paragraph of the appellee's reply to the answer. This demurrer was as follows: "Defendants jointly and severally demur to the second paragraph of plaintiff's reply to answer filed herein, and for cause of demurrer say that said paragraph does not contain facts sufficient to constitute a good defense or reply to the answer filed herein."

There is no such reason for demurrer recognized by the code, for it provides that the cause for demurrer shall be "that the facts therein are not sufficient to avoid the paragraph of answer." Section 357, R. S. 1881 (R. S. 1894, section 360); *Peden* v. *Mail*, 118 Ind. 556.

The demurrer not being in proper form, there was no error in overruling the same.

There was no error in overruling the motion in arrest of judgment. The assignment of error on overruling the motion to modify the judgment was not argued by appellants in their original brief, and was therefore waived.

The judgment of the trial court is supported by the evidence, and, under the rule governing this court, we can not weigh it in order to determine in whose favor lies the preponderance.

The petition for a rehearing is overruled, at the cost of appellants.

Filed Jan. 18, 1895.