### SOVEREIGN CAMP, WOODMEN OF THE WORLD *v.* HALLER.

[No. 4,373.    Filed February 5, 1903.]

PLEADING.—*Demurrer to Reply.*—*Form of Demurrer.*—A demurrer to a reply for the reason that it does not state facts sufficient to "constitute a defense or reply to the defendant's answer" is insufficient, not being in form required by §360 Burns 1901.  *pp. 453, 454.*

LAW OF CASE.—*Insurance.*—*Suicide.*—The decision of the court on a former appeal in an action on an insurance policy, that the evidence showed that the insured committed suicide, is not decisive of such question, where at the subsequent trial additional testimony was given on the question of suicide.  *pp, 454, 455.*

From Vanderburgh Circuit Court; *H. A. Mattison,* Judge.

Action by Rosa Haller against Sovereign Camp, Woodmen of the World, upon an insurance policy. From a judgment in favor of plaintiff, defendant appeals. *Affirmed.*

*C. L. Wedding,* for appellant.

*Richardson & Ortmeyer* and *P. W. Frey,* for appellee.

COMSTOCK, J.—Action by appellee against appellant, April 28, 1898, upon a policy of insurance issued by appellant on the life of one Christian Haller in favor of Rosa Haller, appellee, his wife.   This is the second appeal to this court.   *Sovereign Camp, etc.,* v. *Haller,* 24 Ind. App. 108.   A demurrer was overruled to the complaint, and an answer in one paragraph filed.   This answer alleged that the insured committed suicide.   A provision of the certificate or policy of insurance is as follows:   "If the member holding this certificate shall be expelled from the fraternity, or become so far intemperate or use opiates to such an extent as to permanently impair the health or to produce delirium tremens, or shall die in consequence of a duel, or by his own hand (except it be shown that he was at the time insane), or by the hands of the beneficiary or beneficiaries named herein (except by accident), or in consequence of the violation of the laws of the State or of the United States, or of any other province or nation, or if any of the statements or declarations in the application for membership, and upon the faith of which this certificate is issued, shall be found in any respect untrue, then, in every such case, this certificate shall be null and void and of no effect, and all moneys which shall have been paid and all rights and benefits which may have accrued on account of this certificate shall be absolutely forfeited without notice or service."   The laws of the order, made a part of the policy by reference, provide that if the insured dies by his own act, whether sane or insane, nothing is to be paid to the beneficiary.   A trial resulted in a verdict in favor of appellee, on which judgment was rendered in her favor.

The only error assigned was the overruling by the trial court of appellant's motion for a new trial.   The judgment was reversed upon the ground that the evidence established without conflict the defense of suicide.

After the return of the case to the Vanderburgh Circuit Court, appellee filed second, third, fourth, fifth, sixth, and .

seventh paragraphs of reply. The fifth paragraph was withdrawn. The second paragraph of reply proceeds upon the theory that during the time of the alleged occurrence of the act set out in the defendant's answer, Christian Haller was of unsound mind, and incapable of forming a rational estimate or expectation of the probable, natural, and inevitable result of any act or acts, or any line of conduct upon his part performed, and that his death resulted from an accident, and not the act of himself. The third paragraph is, in substance: "That during all of said time said Christian Haller was of unsound mind and incapable of forming a rational estimate or expectation of the probable, natural, or inevitable result of any act or acts, or any line of conduct upon his part performed, and that his death resulted from an accident, and not the act of himself; that the said Christian Haller, at the time of his drowning, as set out in the answer of said defendant, came to his death by accident, and from an act, which, at the time it was entered upon, was not expected or intended to produce that result, and that his said death resulted by accident, and without intention or expectation on his part." The fourth alleged, in substance, that after the death of Christian Haller, and after the discovery of facts sufficient to make it certain that Christian Haller had committed suicide, the appellant accepted and received from said Rosa ninety-five cents in payment of certain dues, upon the promise that upon its payment, and the recovery of the body of said Haller, the amount of the beneficiary certificate would be paid. The sixth paragraph of reply alleges in substance, that after the death of Christian Haller, and after the discovery of facts sufficient to make it certain that he had committed suicide, the appellee promised, in writing, to reimburse White Oak Camp, No. 26, Woodmen of the World, for any money expended in searching for the body of her husband, and that $10 of expense was incurred, which the appellee was always ready to pay, and thereby the

appellant waived condition as to the manner of decedent's death. The seventh paragraph alleged, in substance, that appellant represented that if the appellee would reimburse White Oak Camp for money expended by it in searching for the body of her husband, Christian Haller, as per written agreement, then the defendant would pay her insurance money; that she entered into said written agreement, and has ever since been ready, willing, and able to perform it.

Appellant relies for reversal of the judgment upon the action of the court in overruling its demurrer to the second, third, fourth, sixth, and seventh paragraphs of appellee's reply, and in overruling its motion for a new trial. It is insisted by appellee that the demurrers present no question, because they are not in the form prescribed by the statute. The demurrer to the second, third, fourth, and sixth paragraphs is as follows: "The defendant demurs separately and severally [naming the paragraphs] for the reason that neither of said paragraphs state facts sufficient to constitute a defense or reply to the defendant's answer." The language of the demurrer to said seventh paragraph is "that it does not state facts sufficient to constitute a reply to the defendant's answer." Section 360 Burns 1901, §357 Horner 1901, provides: "The defendant may demur to any paragraph of the reply on the ground that the facts stated therein are not sufficient to avoid the paragraph of answer, or, if the answer be a set-off or counterclaim, any part thereof."

In *Krathwohl* v. *Dawson,* 140 Ind. 1, the demurrer was in the following form: "Defendants jointly and severally demur to the second paragraph of plaintiff's reply to answer filed herein, and for cause of demurrer say that said paragraph does not contain facts sufficient to constitute a good defense or reply to the answer filed herein." The court say: "There is no such reason for demurrer recognized by the code, for it provides that the cause for demurrer shall be

'that the facts therein are not sufficient to avoid the paragraph of answer.'" Citing *Peden* v. *Mail,* 118 Ind. 556. See, also, *Pritchett* v. *McGaughey,* 151 Ind. 638; *Thomas* v. *Goodwine,* 88 Ind. 458; *Pine Civil Tp.* v. *Huber Mfg. Co.,* 83 Ind. 121. The foregoing cases are conclusive. In the language of the court in *Krathwohl* v. *Dawson, supra,* "The demurrer not being in proper form, there was no error in overruling the same."

· Under the motion for a new trial, appellants discuss but one cause set out therein; namely, that the evidence is insufficient to sustain the verdict of the jury. Upon the former appeal this court decided that the uncontradicted evidence showed that the deceased committed suicide. Appellant contends that the death of Christian Haller by suicide must be recognized as *res judicata* by the former decision of this court. The mandate of the former decision directed a new trial. The decision adjudicated only as to the facts then before the court.

We have examined the evidence presented in the record of the present and of the former appeal. A number of witnesses testified upon the last trial who were not called in the first. This additional evidence related to the habits, conduct, and peculiarities of the insured; describing the topography of the bank of the stream in which he was drowned, and the facts set out in the several paragraphs of reply. We do not deem it necessary to set out this evidence. While the facts and circumstances point strongly to the conclusion that Christian Haller committed suicide, we can not say that the court erred in submitting the question to the jury. *Supreme Lodge, etc.,* v. *Foster,* 26 Ind. App. 333. In the following cases the question of suicide was involved, and facts were shown from which it was contended suicide only could have been reasonably inferred, but it was held that the question was properly submitted to the jury. *Supreme Lodge* v. *Beck,* 36 C. C. A. 467, 94 Fed. 751; *Cochran* v. *Mutual Life Ins. Co.,* 79

Fed. 46; *Sargent* v. *Home Ben. Assn.,* 35 Fed. 711, 18 Ins. L. J. 310; *Ingersoll* v. *Knights of Golden Rule,* 47 Fed. 272; *Phillips* v. *Louisiana, etc., Ins. Co.,* 26 La. Ann. 404, 21 Am. Rep. 549; *Leman* v. *Manhattan Life Ins. Co.,* 46 La. Ann. 1189, 15 South. 388, 49 Am. St. 348, 24 L. R. A. 589. See, also, *Travelers Ins. Co.* v. *Nitterhouse,* 11 Ind. App. 155.

The testimony upon the issues raised by the replies is conflicting, but there is some evidence tending to support the verdict. Under the recognized rule the evidence will not be weighed.

We find no reversible error. Judgment affirmed.