## Easley v. Deer.

[No. 9,697. Filed January 24, 1919.]

1. APPEAL.—*Review.—Harmless Error.—Sustaining Demurrer to Answer.*—Error, if any, in sustaining a demurrer to an answer by the maker of a note pleading want of consideration was harmless where such answer was fully met by plaintiff's reply. p. 267.

2. ESTOPPEL.—*Repesentations Made by Maker of Note.—Validity of Note.*—Where the maker of a promissory note makes representations to a prospective assignee by which he is induced to purchase it, the maker cannot set up a defense thereto which he held against the payee. p. 267.

3. BILLS AND NOTES.—*Promissory Note.—Attorney's Fees.—Condition.—Statute.—"Promptly."*—Where a note provided for attorney's fees if not paid promptly, the provision "if not paid promptly," is not a condition within the terms of §9089 Burns 1914, §5518 R. S. 1881, declaring that all agreements to pay attorney's fees, depending upon any condition set forth in a note, are illegal, the word "promptly," as used in the provision, being interpreted as meaning at maturity. p. 268.

4. APPEAL.—*Review—Harmless Error.—Instructions.*—Where the interrogatories and the jury's answers thereto fully sustained plaintiff's reply, and showed conclusively that the verdict for plaintiff was proper, errors, if any, in the giving and refusal of instructions were harmless. p. 269.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Joel T. Deer against Benjamin Easley and another, in which George W. Deer, executor, was substituted for plaintiff, who died before the trial. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*McAdams & Jones* and *Rogers & Smith,* for appellant.

*Robert H. Williams* and *Roy Adney,* for appellee.

Nichols, J.—This was an action upon a promissory note, commenced originally by Joel T. Deer, who afterwards, and before trial, died, and his executor, the appellee, was substituted as plaintiff.

The errors relied upon for reversal are: "1. The sustaining of the demurrer of the plaintiff to the second paragraph of the separate answer of the defendant. 2. The overruling of the motion for a new trial."

The amended complaint avers in substance that the defendants, Calvin S. Sherrill and Benjamin Easley, by their promissory note, a copy of which is made part of the complaint, promised to pay themselves or order the sum of $1,600, the note being dated March 14, 1913, and due April 14, 1913. That said defendants fully executed said note and indorsed the same by writing their names on the back thereof before maturity, and sold and delivered the same to Frank C. Milligan and George W. Deer; that thereafter before maturity said Milligan and Deer indorsed their names on the back of said note; that plaintiff purchased said note before maturity, and is now the holder and owner thereof. That the note is due and unpaid.

The appellant filed his separate answer in five para-graphs. The first was a general denial. The second, in · substance, was that there was no consideration whatever for the execution or indorsement of said note, and by reason thereof said note was wholly void. The third, in substance, was that the note was never indorsed by appellant to any person whomsoever; that it was understood and agreed between appellant and his codefendant, Sherrill, that said Sherrill should hold said note; that said Sherrill, without authority, delivered said note to plaintiff, or his indorsers; and that there was no consideration passed to appellant for the delivery of said note. The fourth paragraph avers in detail the facts surrounding the execution, indorsement and delivery of said note, from which the appellant avers that there was a failure of consideration, and said note was and is invalid. The fifth paragraph avers that said note was materially altered and changed after the execution thereof, without the knowledge and consent of the appellant.

The plaintiff demurred to each of the second, third, fourth and fifth paragraphs of appellant's answer, which demurrer was overruled to each of the third, fourth and fifth paragraphs, and sustained to the second.

The plaintiff filed his reply to the appellant's answer, in two paragraphs, the first being a general denial, and the second, in substance, that Frank Milligan and George W. Deer purchased the note sued on about March 14, 1913; that on said day, and before purchasing the same, the said Milligan saw the defendant Easley, and told him that he was thinking of buying said note, and asked him if said note was all

right; that said Easley then and there said to Milligan that said note was all right, and would be paid on or before maturity; that said Milligan then went to said George W. Deer and told him of said conversation that he had had with said Easley, and that the said Easley had told him that said note was all right and would be paid on or before maturity; that said Milligan and said Deer, relying upon said representations and statements of said Easley, and believing the same to be true, purchased said note; that afterwards, and before said note became due, said Milligan and Deer indorsed said note, by writing their names on the back thereof, to Joel Deer; that said Joel Deer then and there before maturity, for a valuable consideration, and without notice of any defense thereto, purchased said note; that said Joel T. Deer is now deceased, and that appellee is now administrator of his estate, and as such has been substituted as plaintiff. It is noted that the appellee's reply is to the appellant's answer, and not to any separate paragraph thereof.

Under this state of the record, we are of the opinion that the error of the trial court, if any was committed, in sustaining the appellee's demurrer

1. to the appellant's second paragraph of answer was harmless, for the defense of no consideration, is fully met by appellee's reply. If the

2. maker of a promissory note makes representations to a prospective assignee by which he is induced to purchase said note, the maker cannot set up a defense thereto which he held against the payee. *Powers* v. *Talbott* (1858), 11 Ind. 1; *Rose* v. *Teeple* (1861), 16 Ind. 37, 79 Am. Dec. 403; *McCabe* v. *Raney* (1869), 32 Ind. 309; *Vaughn* v. *Ferrall* (1877), 57 Ind.

182; *Plummer* v. *Farmers Bank, etc.* (1883), 90 Ind. 386; *Krathwohl* v. *Dawson* (1895), 140 Ind. 1, 38 N. E. 467, 39 N. E. 496.

In his motion for a new trial, the appellant says that the court erred in permitting evidence as to what was reasonable attorney's fees for the plaintiff's attorneys, and that the court erred in giving instruction No. 8, tendered by the plaintiff, which instruction is to the effect that, if the verdict should be for the plaintiff, then the plaintiff was entitled to recover attorney's fees, and that the jury should add, to whatever sum in principal and interest that it should find due on said note, the sum of $200 as plaintiff's attorney's fees, this amount having been agreed upon between the parties as the reasonable fee in the event that the plaintiff was entitled to recover such fee at all. The note provided for attorney's fees, "if not paid promptly." The appellant contends that such a provision as to attorney's fees was conditional and that upon that account it was void. Section 9089 R. S. 1914, §5518 R. S. 1881, provides that: "Any and all agreements to pay attorney's fees, depending upon any condition therein set forth, and made a part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness, are hereby declared illegal and void."

Is the provision, "if not paid promptly," a condition within the meaning of §9089, quoted above? We think not. The word "promptly" can have but one meaning in the connection in which it is here used—at maturity, on time. It is clearly implied by law that the maker of a note shall not be liable for attorney's fees if the note is paid on or before maturity, and that such fees can only be collected if the note is not paid

at maturity; in other words, "if not paid promptly," and the provision objected to does nothing more than to provide for the payment of attorney's fees if the note is not paid at maturity. There was no error in admitting. evidence as to the attorney's fees or in giving the instruction pertaining thereto.

All other errors complained of by the appellant pertain to the giving of other instructions tendered by the appellee, and refusing to give certain instructions tendered by the appellant. For the purpose of this decision we do not need to say whether it was error to give any of the other instructions tendered by the plaintiff, or to refuse to give any of the instructions tendered by the defendant.

The jury's answers to interrogatories are to the effect that the appellant stated to Milligan, before the purchase of the note by Milligan and Deer, that said note was all right and would be paid on or before maturity, and that said Milligan and Deer relied upon said statement, and believed it to be true when they purchased said note.

These interrogatories and answers thereto fully sustain the allegations of the plaintiff's reply, and show conclusively that the jury reached the right result. Any errors, therefore, that the court may have made in giving or refusing to give the instructions complained of were harmless. *Angola R., etc., Co.* v. *Butz* (1913), 52 Ind. App. 420, 98 N. E. 818; *Harrod* v. *Bisson* (1911), 48 Ind. App. 549, 93 N. E. 1093; *Roush* v. *Roush* (1900), 154 Ind. 562, 55 N. E. 1017; *Muncie Pulp Co.* v. *Hacker* (1906), 37 Ind. App. 194, 76 N. E. 770. Appellee questions the right of appellant to have his motion for a new trial

considered because of certain defects in appellant's brief, but, having reached the foregoing result, we do not consider the objection.

Judgment affirmed.