Nov. Term, 1854.

ROBERTS
v.
HIGGINS.

---

ROBERTS and Others *v.* HIGGINS.

Objections to instructions given must be made before verdict, or they are waived.

Monday,
December 11.

APPEAL from the *Decatur* Circuit Court.

HOVEY, J.—*Higgins* brought an action in the *Decatur* Circuit Court, for the recovery of a tract of land. *Roberts*

and the other defendants appeared and answered, setting up an equitable title in *Roberts*, &c. *Higgins* replied to the answers, and on the *fourth* judicial day of the *April* term, 1854, the cause was submitted to a jury, who, on the following day, returned a verdict in favor of the plaintiff. The defendants below thereupon moved in arrest of judgment, and for a new trial. On the *seventh* judicial day of said term, the counsel for the defendants below presented to the Court a bill of exceptions containing the charges given by the Court to the jury, but there is nothing in the record that shows that these instructions were objected to when given by the Court. On the ninth judicial day of said term, the Court overruled the motions in arrest and for a new trial, and rendered judgment on the verdict. The defendants below appealed to this Court.

There is no evidence in the record, and it is thought unnecessary to state the pleadings at large, as no question is presented in regard to them.

If the appellants wished to avail themselves of any erroneous instruction given by the Court, it was their duty to have made objection before the delivery of the verdict. Had such objection been made, the Court might have corrected the error before the discharge of the jury. As such objection does not appear to have been made, any error the Court may have committed in giving the charge must be considered as waived. The case of *Jones* v. *Van Patten*, 3 Ind. R. 107, is in point.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman*, for the appellants.

*J. S. Scobey*, for the appellee.