## WOOD *v.* McCLURE.

A borrower is bound to extraordinary diligence in regard to property loaned to him, and is responsible for the slightest neglect; but if the article perish, or is lost or damaged, without any blame or neglect on his part, the owner must sustain the loss.

Erroneous instructions must be excepted to before verdict, or the error will be regarded as waived.

APPEAL from the *Decatur* Court of Common Pleas.    <span>*Saturday,*</span>
<span>*December* 1.</span>

DAVISON, J.—The complaint is that *McClure*, the plaintiff, on, &c., at, &c., loaned his mare to *Wood*, who agreed to use her carefully, and return her in good condition. Averment, that *Wood*, while the mare was in his possession under said loan, abused, overworked and ill-treated her, so that she died. The proper issues being made, the cause was submitted to a jury, who found for the plaintiff. Motion for a new trial denied, and judgment on the verdict.

The evidence being closed, the Court charged as follows:

"If the jury find that said mare was loaned to *Wood* and was injured while in his possession by the slightest injury, from which she died, they may find for the plaintiff."

This instruction does not state the law correctly. The mere facts assumed by the Court, viz., that the mare, while in the possession of the bailee, received a slight injury, which caused her death, was not sufficient to render him liable, unless it was also shown that he had been guilty of some neglect of duty—some slight omission of diligence. A borrower, it is true, is bound to use extraordinary diligence in the care of property loaned to him, and is responsible for the slightest neglect; still, if the article loaned perish, or is lost or damaged, without any blame or neglect attributable to the borrower, the owner must sustain the loss. *Scranton* v. *Baxter*, 4 Sandf. 5.—*Story* on Bailments, s. 249.—*Jones* on Bailments, 49.

In the present case, the main question for the jury, in coming to a conclusion whether the bailee was or was not liable, was this: Was he guilty of any negligence? They were, however, under the above instruction, authorized to find a verdict against him, though innocent of any blame or neglect whatever.

But the record contains no bill of exceptions; nor does it appear that the charge was excepted to before the return of the verdict. Hence, it is insisted that the instruction, though erroneous, should not be allowed to reverse the judgment.

This position is correct. The code provides that "the party objecting to the decision of the Court, must except at the time the decision is made." 2 R. S., p. 115. In relation to this point, the rule of practice is, in effect, the same as it was anterior to the present code. *Jones* v. *Van Patten* decides that exceptions to instructions of the Court to the jury, will not be noticed in the Supreme Court, unless they appear by the record to have been taken before the jury delivered their verdict. 3 Ind. R. 107.—5 *id*. 542.

These cases are decisive of the one before us. The judgment must therefore be affirmed.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. Gavin* and *J. R. Coverdill*, for the appellant.

*J. S. Scobey* and *W. Cumback*, for the appellee.