## VAUGHN v. FERRALL.

PLEADING.—*Practice.*—A pleading, replied generally to the whole of an answer of several paragraphs, is not insufficient on demurrer merely because some of such paragraphs require, and admit of, no reply.

PROMISSORY NOTE.—*Alteration.*—*Estoppel.*—*Pleading.*—In an action by an assignee, on a promissory note payable in a bank of this State, where the defences pleaded by the defendant maker were want of consideration, and that, after the execution of the note and before its assignment, the payee thereof, with the knowledge of the plaintiff, but without the knowledge or consent of the defendant, had procured the execution of such note by a third person, the plaintiff replied, that, before procuring such assignment to himself, he had taken such note to the defendant, who, in answer to his enquiries concerning it, informed him that he had no defence thereto, and would pay it, and that, relying upon such statements, the plaintiff had procured an assignment of the note for value.

*Held*, on demurrer, that the reply is sufficient.

PRACTICE.—*Demurrer.*—*Form of.*—A demurrer to a reply consisting of several paragraphs, assigning that "neither of said paragraphs constitutes a good reply to said answer," is informal and defective, and should be overruled.

SUPREME COURT.—*Record.*—*Evidence.*—*Verdict.*—*Practice.*—Where the evidence is not in the record, on appeal to the Supreme Court, no question is presented for decision as to whether the verdict is contrary to law or to the evidence.

NEW TRIAL.—*Motion.*—*Cause.*—*Evidence.*—*Instruction to Jury.*—*Practice.*—A motion for a new trial, based upon alleged error, in the exclusion of evidence, the giving of instructions to the jury, or of law occurring at the trial, must specify particularly the error complained of.

SAME.—*Exception to Erroneous Instruction.*—*When Taken.*—The giving of an erroneous instruction to the jury must be excepted to before the return of the verdict, to make such error available as cause for a new trial; and an omission to so except is not cured by an exception to the overruling of the motion for a new trial.

From the Lagrange Circuit Court.

*J. B. Wade* and *C. U. Wade*, for appellant.

*J. D. Ferrall* and *A. A. Chapin*, for appellee.

NIBLACK, J.—This was an action by Joseph D. Ferrall, against Thomas Vaughn, on a promissory note for two hundred dollars, payable to one Horace Bishop, at the

National State Bank at Lima, and assigned to Ferrall before maturity.

Vaughn answered in four paragraphs:

First. A denial of the execution of the note, verified by affidavit;

Second. The general denial;

Third. A want of consideration; and,

Fourth. That after the note sued on was signed by the defendant, and delivered to the payee, Bishop, he, the said Bishop, took said note, with the full knowledge of the plaintiff, and had the name of one Sarah Jones signed to said note as one of the makers thereof, without the consent or knowledge of the defendant, and that the said Bishop had said note so signed by the said Sarah Jones, the better to get it discounted.

The plaintiff replied:

1. In general denial of the whole answer;

2. That he purchased said note before it became due, in good faith and without any knowledge of any defect therein, or of any defence thereto, for a valuable consideration, to wit, the sum of two hundred dollars; and,

3. That before he, the plaintiff, purchased said note, he took it to the defendant and exhibited it to him, and told him that he, the plaintiff, was about to purchase said note, if it was all right, and if he, the defendant, had no defence to it; to which the defendant replied that said note was all right, that he had no defence to, or set-off against, the same, and that he would pay it at maturity; that, relying on said statements of the defendant, he, the plaintiff, thereupon, in good faith and without the knowledge of any defect in said note or of any defence thereto, purchased it of the said Bishop, before it was due, for the sum of two hundred dollars, and took an assignment thereof.

The defendant demurred to the second and third paragraphs of the reply, in the following form:

"Now comes the defendant and files his demurrer to the

second and third paragraphs of [the] plaintiff's reply, for the reasons that neither of said paragraphs constitutes a good reply to said answer."

The demurrer was overruled, and the defendant excepted.

There was then a trial by a jury, and a verdict and judgment for the plaintiff.

It is insisted that the second and third paragraphs of the reply are insufficient for uncertainty, as well as for want of sufficient facts, because they purport to be a reply to the whole answer, when a portion of it admitted of no reply.

This objection, we think, is not well taken, as these paragraphs ought to be considered as a reply to only so much of the answer as they are applicable, and should be so construed.

We are of the opinion, that the third paragraph was a good reply to the third and fourth paragraphs of the answer. It does not, it is true, aver that the name of Sarah Jones had been signed to the note when the plaintiff exhibited it to the defendant, but we think that is fairly implied from all the other averments in the pleadings. One of the paragraphs being sufficient, and the demurrer being a joint one, as we construe it, the court did not err in overruling the demurrer. *Stanford* v. *Davis*, 54 Ind. 45; *Adkins* v. *Wiseman*, 19 Ind. 90; *Whitehall* v. *The State, ex rel.,* etc., 19 Ind. 27. The demurrer, too, in its form, did not comply with the requirements of the statute in specifically assigning causes of demurrer. *Campbell* v. *Routt*, 42 Ind. 410.

On the trial, the court instructed the jury, "that the addition of the name of Sarah Jones to the note, after its execution by said Vaughn, was immaterial, and did not affect the liability of said Vaughn on said note."

After the return of the verdict, and before the entry of the judgment, the defendant moved the court for a new trial, and assigned the following causes:

1.  That the verdict was contrary to law;

2.  That the verdict was contrary to the evidence;

3.  That the verdict was not sustained by sufficient evidence;

4.  That the court erred in excluding proper evidence;

5.  That the court erred in giving erroneous instruction to the jury;

6.  For error of law occurring at the trial, and excepted to by the party; and,

7.  That the court erred in charging the jury, as herein above stated, setting out the instruction in full.

The defendant reserved an exception to the overruling of his motion for a new trial, and insists, here, that the court erred in overruling it.

The evidence is not in the record, and, hence, there is nothing before us to be considered as regards the first, second and third causes.

The fourth, fifth and sixth causes assigned are too indefinite, in not referring to the particular evidence excluded, or to the alleged erroneous instruction, or to the supposed error of law, complained of. See Buskirk Practice, pp. 244, 245, 246.

No exception seems to have been taken to the instruction referred to in the seventh cause, at the time it was given. An erroneous instruction must be excepted to before the verdict is returned, to make the exception available. *Wood* v. *McClure*, 7 Ind. 155; *Roberts* v. *Higgins*, 5 Ind. 542; *Jones* v. *Van Patten*, 3 Ind. 107. Conceding, therefore, the instruction to have been erroneous, a question on which we need not now express any opinion, the giving of it by the court did not constitute a cause for a new trial, for want of an objection to it at the proper time. The reservation of an exception to the action of the court, in overruling the motion for a new trial, did not, and could not, supply the omission to except to the instruction.

As the case is presented to us, we can not say the court erred in overruling the motion for a new trial.

The judgment is affirmed, at the costs of the appellant, with five per cent. damages.