## HAWLEY v. THE STATE, EX REL. FISK.

BASTARDY.—*Residence of Relatrix.*—Proceedings in bastardy in this State, except as otherwise specially provided, are governed by the code of civil procedure and are not local to any particular county on account of the subject-matter of the action. It is not necessary that the relatrix shall be a resident either of the county or State in which the proceedings are commenced.

SAME.— *Where Bastardy Proceedings Commenced.—Residence of Defendant.— Answer in Abatement.—Pleading.*—Such proceedings must be commenced in the county in which the defendant resides, when he is a resident of the State. When he is a non-resident of, or has no permanent residence in, the State, then in any county in which he may be found. Therefore, to make an answer in abatement good, on account of non-residence in the county in which proceedings in bastardy are pending, the defendant must show himself to have been a resident of some other county of the State when such proceedings were commenced.

SAME.— *Replevying Judgment.—Appeal.*—In rendering judgment against the defendant in a bastardy proceeding, it is made the duty of the court, by section 15 of the bastardy act, to require him to replevy the judgment, or in default to be committed to jail, notwithstanding an appeal bond is offered. The order requiring the judgment to be replevied is but a part of the entire judgment from which the appeal is prosecuted.

PRACTICE.— *Exception to Instruction, when Taken.*—An exception may be taken to an instruction at any time before, but not after, the verdict is returned, and when so taken will be deemed to have been reserved at the time the instruction was given.

SAME.— *What Exception not Sufficient.*—Where, however, after the jury has retired but before they return their verdict, the court being still in session, the attorneys for the defendant take the instructions from the judge's desk, and without the knowledge of the court write on the margin of an instruction, " Given and excepted to by the defendant," to which they, sign their names, and return the instructions to the judge's desk, and next morning, after the minutes of the preceding day have been read, and after the jury have returned their verdict and been discharged, and after notice of a motion for a new trial has been given, call the attention of the court to the memorandum made on said instruction, such acts do not amount to a legal exception.

From the Union Circuit Court.

*T. W. Bennett* and *B. Burke,* for appellant.

*J. Yaryan, J. W. Conaway* and *J. L. Yaryan,* for appellee.

NIBLACK, J.—This was a prosecution by the State, on the relation of Mary E. Fisk, against Marcellus M. Hawley, for bastardy, and was commenced before a justice of the peace of Union county.

The defendant was not found in the county, and the justice proceeded to hear and determine the cause in his absence. After hearing the evidence, the justice adjudged the defendant to be the father of the bastard child, and transmitted the papers, with a transcript of his judgment, to the clerk of the court below, in which latter court the cause was docketed for trial.

The defendant entered a special appearance in the circuit court, and, upon cause shown by affidavit, moved to dismiss the action, but the motion was overruled. He then pleaded in abatement of the action, that, at the time of the commencement of it before the justice, as well as at the time of the filing of the papers and transcript in the circuit court, both he and the relatrix were non-residents, not only of Union county, but of the State of Indiana. The plaintiff demurred to this answer, and the court sustained the demurrer.

A jury found that the defendant was the father of the child, and, after overruling a motion for a new trial, the court rendered judgment on the verdict, fixing at the same time as a part of the judgment the amount to be paid for the maintenance of such child, and the instalments in which such amount should be paid, and requiring the defendant to replevy the judgment, or in default to be committed to the county jail.

Upon the announcement of the judgment against him, the defendant prayed an appeal to this court and offered then and there to execute an appeal bond in place of replevying the judgment, but the court nevertheless required him to replevy the judgment, or to be committed to jail, and in pursuance of such requirement he replevied the judgment before executing his appeal bond.

Errors are assigned upon the refusal of the court to dismiss the action, upon the sustaining of the demurrer to the answer in abatement, upon the overruling of the motion for a new trial, and upon the decision of the court requiring the defendant to replevy the judgment, notwithstanding his offer to execute an appeal bond instead thereof.

The appellant's motion to dismiss the action was founded upon the same alleged facts afterward set up in his answer in abatement, and consequently the first and second errors involve the same questions, only in different forms.

Proceedings in bastardy, except as otherwise specially provided, are governed by the code of civil procedure, and are not local as to any particular county on account of the subject-matter of the action. 2 R. S. 1876, p. 657, sec. 6 ; *Id.*, p. 44, sec. 28. There is nothing either in the code or in the bastardy act requiring the relatrix to be a resident either of the county or State in which the proceedings are commenced. Such proceedings, being transitory in their character, must, under the code, be commenced in the county in which the defendant resides when he is a resident of the State. When he is a non-resident of, or has no permanent residence in, the State, then in any county in which he may be found. 2 R. S. 1876, p. 46, sec. 33. Therefore, to make an answer in abatement on account of non-residence in the county in which proceedings in bastardy are pending against him good, the defendant must show himself to have been a resident of some other county of the State when such proceedings were commenced. This the answer before us failed to show, and was, for that reason, bad upon demurrer.

It is insisted that, of the series of instructions given by the court, the one known as No. 6 was erroneously given, and that for that cause a new trial ought to be granted.

The record informs us that, after the instructions had been read to the jury, and after the jury had retired to their room, but before they had returned their verdict, the court being still in open session, the defendant's attorneys took the instructions from the judge's desk, and, without any notice to or knowledge of the court, wrote on the margin of instruction No. 6 the words, " Given and excepted to by the defendant," signing their names thereto as attorneys for the defendant, and returning the instruction to the judge's desk; that next morning, after the minutes of the preceding day had been read, and after the jury had returned their verdict and had been discharged, and after notice of a motion for a new trial had been given, the attention of the court was first called to the memorandum made on the margin of instruction No. 6, as above stated, and to the fact that an effort had been made to reserve an exception to that instruction.

" An exception is an objection taken to a decision of the court upon a matter of law." 2 R. S. 1876, p. 175, sec. 342.

To make such an objection effective as an exception, it must be addressed to, and brought to the attention of, the court at the time the decision complained of is made, so that the court may have the opportunity of at once reconsidering its decision, if it shall come to the conclusion that the objection is well taken, or so that, in the event the objection is overruled, it may be able to know that an exception has been reserved.

The court trying a case may be required to embrace in a proper bill of exceptions every material matter occurring at the trial, but it necessarily follows that it could only be required to certify to such proceedings as came within its knowledge and as involved some judicial action on its part. An exception may be taken to an instruction at any time before the verdict is returned, and, when so taken, the

exception will be deemed to have been reserved at the time the instruction was given. *Vaughn* v. *Ferrall*, 57 Ind. 182. But such an exception can not be taken after the verdict has been returned.

Our conclusion is, that, in legal contemplation, no exception was taken by the appellant to instruction No. 6 complained of by him, and that consequently no question arises upon that instruction here.

As to the remaining error, it is only necessary to say that, in rendering judgment against the appellant, it was made the duty of the court, by section 15 of the bastardy act, to require him to replevy the judgment, or in default to be committed to jail. The order requiring the appellant to replevy the judgment was but a part of the entire judgment from which this appeal is prosecuted, and followed as a natural consequence of what had preceded it.

We see no error in the record.

The judgment is affirmed, with costs.