PETTY *v.* THE BOARD OF TRUSTEES OF THE CHURCH OF CHRIST, IN THE CITY OF MUNCIE, INDIANA.

DEMURRER.—*Numbering Grounds of.*—Where a demurrer to a pleading states but a single ground, the numbering required by section 50 of the practice act is unnecessary.

SAME.—*Form of.*—*Sufficiency of Facts.*—A demurrer to a paragraph of complaint, alleging " that said paragraph does not state facts sufficient," raises the question of the sufficiency of the facts therein alleged to constitute a cause of action.

COVENANT.—*Complaint on.*—*Copy of.*—*Presumption.*—In an action by the board of trustees of a church, against one of the trustees individually, the complaint counted upon an alleged agreement by the defendant to take a certain amount of stock in purchasing a lot and erecting a house of worship for said church, as previously determined upon by such board. Such complaint also counted upon his alleged " covenant with said plaintiff to give his assistance in raising subscriptions," etc , but it contained no copy of any written contract.

*Held*, on demurrer, that, as the complaint purported to count upon a covenant without setting out the same or a copy thereof, it is insufficient.

SUBSCRIPTION.—*Complaint on.*—*Execution of.*—*Delivery.*—*Copy.*—In an action to recover the amount of an alleged subscription, the complaint averred that the defendant had " subscribed, under a heading in writing, as follows," setting out a contract of subscription over the defendant's name, but averring neither its execution nor delivery.

*Held*, on demurrer, that the complaint is insufficient.

SAME.—An additional paragraph of such complaint, professing but failing to set out a copy of such subscription, is insufficient, the instrument set out in the preceding paragraph not being referred to.

From the Delaware Circuit Court.

*G. H. Koons*, for appellant.

*W. March*, for appellee.

WORDEN, J.—Complaint by the appellee, against the appellant, in three paragraphs.

The first was as follows :

" Comes the . plaintiff, viz., The Board of Trustees of the Church of Christ, in. the City of Muncie, County of Delaware, and State of Indiana, and says that the defendant, John S. Petty, of the county of Delaware and

State of Indiana, is indebted to the plaintiff in the sum of three hundred and eleven dollars, as follows : That on the 22d day of August, in the year 1874, said plaintiffs, with said defendant, were legally formed into a Board of Trustees of the Church of Christ, in the City of Muncie, for the purpose of purchasing a lot in said city and erecting a house thereon, to belong to and be used by said church as a house of worship ; and that said defendant as a member of said board, did agree to take stock in said enterprise of purchasing a lot in said city and erecting said house, to the amount of $200 ; and, further, that said defendant did agree and covenant with said plaintiff to give his assistance in raising subscriptions, and otherwise carrying on the work of completing said building, on condition that plaintiff would purchase a lot in said city and erect a house of worship thereon, all of which the defendant failed, neglected and refused to do and perform ; in consequence of said failure, the work of erecting said house was hindered, and the capital stock of said board thereby made to be deficient in amount ; and that, by said failure to do and perform his adequate part according to said agreement and covenant, said plaintiffs were hindered and injured to the amount of $100, and by his, defendant's, failing and refusing to pay his said share of stock according to agreement, $200 ; and, further, that the interest now accrued on said $200, since the same was due and should have been paid, is $11 ; all of which is due said plaintiff from said defendant and has been demanded of him and he refuses to pay."

Second paragraph :

"And, as a second paragraph and further complaint, said plaintiffs say that said defendant did agree to solicit subscriptions for the above named purpose, and to head said subscription with his own name and subscription, to

the amount of $200, and in compliance with said agreement subscribed under a heading in writing, as follows:

" ' We, the undersigned, agree to pay the sums set opposite our names to the Trustees of the Church of Christ, in the City of Muncie, Indiana, for the purchase of a lot and the erection of a house of worship for the use of said church. Size of said house to be 40 x 60 feet; said sums to be paid as follows: one-half on first day of June, 1875, and one-half on the first day of January, 1876.

| Names. | Amount. |
|---|---|
| JOHN S. PETTY. | $200.00.' |

" And, further, that said plaintiff did proceed to raise funds for the purchase of a suitable lot, and did purchase the same in said city of Muncie; and, further, they did raise funds by subscription for the erection of a suitable house of worship thereon, and did notify said defendant, from time to time, of all meetings of the board for the settlement of questions of importance, and did erect a house on said lot for the purpose above designated, and said house is now being used regularly by said church; and, further, defendant's said subscription has been demanded, and he refused payment thereof when due, and continues to refuse said payment, and the same is due and unpaid. They therefore ask judgment for

| | |
|---|---|
| Subscription | $ 200.00 |
| Damage | 100.00 |
| Interest | 11.00 |
| " Total | $311.00." |

Third paragraph:

" The plaintiff, further complaining, says, that on the —— day of April, 1875, the defendant executed an instrument in writing (of which a copy is filed herewith), and thereby promised to pay to the plaintiffs, by the description of ' The Trustees of the Church of Christ,

in the city of Muncie, Indiana,' two hundred dollars for the purchase of a lot in said city, and the erection of a house of worship thereon, for the use of said church, one-half on the first of June, 1875, and one-half on the first day of January, 1876; and the plaintiff further avers, that, in part relying upon said subscription, the plaintiff afterward purchased for the purpose aforesaid lot No. 8, in block No. 18, in Jackson's Donation to said city of Muncie, and proceeded to erect thereon a house of worship for the use of said church, and for that purpose incurred a large expense, to wit, $1,500, of which $500 remains unpaid. The plaintiff avers that no portion of said sum of $200 has been paid by the defendant, but the same remains due and owing, though often demanded by the plaintiff; and plaintiff asks judgment for $300, and other proper relief."

The defendant filed a demurrer separately to each paragraph of the complaint, assigning as cause therefor, that the paragraphs did not state facts sufficient. The demurrer to the first paragraph was sustained, and the plaintiff excepted. The demurrers to the second and third paragraphs were overruled, and the defendant excepted. Such further proceedings were had as that final judgment was rendered for the plaintiff.

The defendant appeals, and has assigned error upon the overruling of the demurrers to the second and third paragraphs of the complaint; and the plaintiff, the appellee herein, has assigned a cross error upon the ruling in sustaining the demurrer to the first paragraph.

In passing upon the several rulings, we must determine a preliminary point, made by the appellee, as to the sufficiency of the demurrers.

The demurrer to the first paragraph, and the others, *mutatis mutandis*, were like it, was as follows:

" The defendant, by counsel, comes and demurs to the

first paragraph of the complaint, and says that said paragraph does not state facts sufficient."

It is contended by counsel for the appellee, that these demurrers were not sufficient to raise any question, and should, for that reason, if for no other, have been overruled. Section 50 of the code provides for six causes of demurrer to a complaint, the fifth of which is, " That the complaint does not state facts sufficient to constitute a cause of action." It further provides, that "for no other cause shall a demurrer be sustained; and, unless the demurrer shall distinctly specify and number the grounds of objection to the complaint, it shall be overruled."

It is not objected that the demurrers did not number the ground of objection to the several paragraphs to which they were respectively addressed. It would seem to be clear that where, as in this case, there is but one ground of objection, there is no necessity for numbering it. Numbering is only required where there are several grounds of objection.

What is the fair meaning of the demurrer, in which it is said that the paragraph to which it is addressed " does not state facts sufficient ? " Sufficient for what ? We think it may be fairly construed to mean that the paragraph did not state facts sufficient to constitute a cause of action. To hold otherwise would, it seems to us, be falling back upon a rigid and useless technicality, to obviate which was one of the objects of the code. The full meaning of the demurrer is not expressed; but enough is expressed to imply the whole. The objection raised by the demurrer, of a want of a statement of sufficient facts, would have no significance whatever, unless it was meant thereby to say that the paragraph did not state facts sufficient to constitute a cause of action.

The meaning of the pleader in filing the demurrers is apparent and unmistakable; and we are of opinion that

the law will be best administered, and the ends of justice best subserved, by holding that the several demurrers raise the question whether there are sufficient facts stated in the several paragraphs of complaint to constitute a cause of action. We are not aware that this precise question has been passed upon by this court. But the counsel for the appellee has called our attention to several cases supposed to sustain his objection to the demurrers. It seems to us, however, that they are all distinguishable from this case.

In the case of *Lane* v. *The State*, 7 Ind. 426, the ground of demurrer to paragraphs of answer was stated to be that they were "insufficient in law to constitute a legal defence to the action." It was held that the demurrer, "not being in form or substance for any of the six specified causes, should have been overruled." There was no suggestion of the ground on which the pleadings demurred to were supposed to be "insufficient in law," as that they did not state facts sufficient.

So, in the case of *Tenbrook* v. *Brown*, 17 Ind. 410, a demurrer to a paragraph of answer assigned as cause thereof that "the same is not sufficient in law to enable the defendant to sustain his said defence, or to bar the plaintiff's complaint." It was held that the demurrer should have been overruled, as not in compliance with the statute. Here also the demurrer failed to point out that the pleading demurred to did not state facts sufficient.

In the case of *The Cincinnati, etc., Railroad Co.* v. *Washburn*, 25 Ind. 259, in which the complaint contained a prayer for specific performance and other proper relief, a demurrer to the complaint was filed, assigning as cause that the facts alleged did "not entitle the plaintiff to the relief demanded." The court held that the demurrer was correctly overruled; that the facts alleged entitled the plaintiff to damages, but not to specific performance; and

added that "Our statute does not warrant a demurrer for that cause, and expressly requires such an one to be overruled."

It may be observed that the fact that a plaintiff demands relief to which he is not entitled, on the facts stated in his complaint, should be no ground for demurrer, inasmuch as, upon answer, he is entitled to any relief consistent with the case made by the complaint, and within the issues, whether demanded in the complaint or not. Code, sec. 380.

A complaint may well state facts sufficient to constitute a cause of action, and yet insufficient to entitle the plaintiff to the relief demanded. The case of *Kemp* v. *Mitchell*, 29 Ind. 163, was much like that last above cited.

In *Porter* v. *Wilson*, 35 Ind. 348, it was held that a demurrer, assigning for cause that the paragraphs demurred to were "not good and sufficient in law," raised no question. To the same effect is the case of *Gordon* v. *Swift*, 39 Ind. 212.

In *Campbell* v. *Routt*, 42 Ind. 410, a demurrer to a counter-claim, assigning for cause that it did not "state facts enough for a counter-claim," was held to raise no question as to the sufficiency of the pleading. In *Vaughn* v. *Ferrall*, 57 Ind. 182, it was held that a demurrer to several paragraphs of reply, assigning for cause that "neither of said paragraphs constitutes a good reply to said answer," did not comply with the requirements of the statute.

In none of the above cases did the demurrer, either in terms or by any fair implication, point out that the pleading to which it was addressed did not state facts sufficient to constitute a cause of action, a ground of defence, or of avoidance of the answer, as the case may have been.

In the case before us, however, the demurrers specify that the several paragraphs to which they are respectively addressed, do not state facts sufficient; meaning thereby facts sufficient to constitute a cause of action.

We proceed to the consideration of the questions raised by the several demurrers.

We are not advised upon what ground the demurrer was sustained to the first paragraph of the complaint, but in examining that paragraph, there seems to us to be an objection to it which is sufficient to justify the ruling of the court. It would seem from the paragraph that the defendant's agreement to take the $200 of stock, and give his assistance in raising subscriptions and otherwise carrying on the work, was all one agreement, and this agreement is mentioned in the paragraph as a covenant. Thus, it is alleged that the defendant " did agree and covenant with said plaintiffs," etc ; and then it is alleged " that by said failure to do and perform his adequate part, according to said agreement and covenant, said plaintiffs were hindered," etc. The clear inference from the allegations of the paragraph is that the agreement sued upon was a covenant. A covenant is an agreement in writing under seal. Wharton Law Dict. While there may be no substantial difference between sealed and unsealed instruments as matters of evidence, there is no such thing as a covenant, in legal parlance, which is not in writing. As the paragraph purports to count upon a covenant, it was bad for not setting it out or furnishing a copy thereof. We have not considered whether the paragraph is otherwise good.

The second paragraph was bad, and the demurrer to it should have been sustained.

This paragraph counts upon a written instrument which is embodied in the pleading; but it is not alleged that the defendant ever executed it. It is alleged that the defendant "*subscribed*, under a heading in writing, as follows :" and then the instrument is set out. The delivery of the instrument was necessary to its binding force. The paragraph does not allege the delivery of the instrument, nor any thing from which delivery could be legitimately in-

ferred. If it had been alleged that the defendant executed the instrument, that would have been sufficient; for it is familiar law that the execution of an instrument includes its delivery. But subscribing an instrument does not imply its delivery. A man may subscribe a promissory note, yet, until its delivery, it has no binding force.

The third paragraph counts upon a written instrument, and professes to file a copy thereof, but no copy was filed. This was a fatal defect for which the demurrer to the paragraph should have been sustained.

The appellee insists that, as the instrument mentioned in the third paragraph was set out in the second, there was no need of filing any further copy. This might be, if the third paragraph had referred to the second for a copy of the instrument mentioned in the third. But this was not done, and it cannot be assumed that the instrument counted upon in the third paragraph was the one embodied in the second.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.