No. 10,896.

### ÉLLIOTT ET AL. *v.* CHAMP.

CONTRACT.—*Execution.*—*Complaint.*—The signing alone by one party of a writing purporting to be an agreement, without delivery to or acceptance by the other party, is not an execution of the agreement, and in an action by the latter thereon a complaint which fails to aver an acceptance or delivery is insufficient on demurrer.

From the Fulton Circuit Court.

*J. Conner,* for appellants.

*M. L. Essick* and *G. W. Holman,* for appellee.

BICKNELL, C. C.—The appellants brought this suit upon a writing signed by the appellee.

A copy of the writing is made part of the complaint and is as follows:

"ROCHESTER, INDIANA, December 31st, 1880.

"I, the undersigned, agree to place the following land (describing it) in the hands of Messrs. Elliott & Bitters, real estate agents of Rochester, Indiana, and authorize them to negotiate its sale at the following prices and terms: $3,000, $800 cash and balance in five equal annual payments, with notes at 6 per cent. interest, secured by mortgage on the land sold, for which I will allow, as commission, if sale be effected, $150, payable out of the first purchase-money. I also agree to place said property in the hands of no other agent or agents for the period of 12 months and thereafter until withdrawn, and should I myself effect a sale of said property during the continuance of this agreement, I hereby agree to pay said Elliott & Bitters the above commission in full.

(Signed)   "JOSEPH CHAMP."

The complaint averred that the defendant did himself sell the property during the continuance of said agreement, whereby under the last clause thereof $150 became due the plaintiffs.

A demurrer to the complaint for want of facts sufficient was sustained; judgment was rendered thereon for the de-

fendant. The plaintiffs appealed. The ruling upon the demurrer is assigned as error.

Signing alone by one party, without delivery to or acceptance by the other, is not an execution of an agreement. *Mahon* v. *Sawyer*, 18 Ind. 73 ; *Cline* v. *Guthrie*, 42 Ind. 227 (13 Am. R. 357) ; *Prather* v. *Zulauf*, 38 Ind. 155 ; *Ritenour* v. *Mathews*, 34 Ind. 279. In *Petty* v. *Board, etc.*, 70 Ind. 290, the complaint alleged that the defendant had subscribed a "heading in writing, as follows," and then set out the contract of subscription signed by the defendant, but it alleged neither execution nor delivery. The complaint was held insufficient, because subscribing an instrument does not imply its delivery. The court said : "A man may subscribe a promissory note, yet, until its delivery, it has no binding force."

The complaint in the case before us contains no averment that the writing sued on was delivered to or accepted by the plaintiffs. There was therefore no error in sustaining the demurrer to the complaint.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Nov. 24, 1883.