## HELLER *v.* ELWOOD BOARD OF TRADE.

[No. 2,233.    Filed September 23, 1897.]

CONTRACT.—*Subscription.— Delivery.— Complaint.*—A complaint in an action on a subscription to a contract to pay a certain sum of money to secure the location of a manufactory, which alleges that certain subscriptions were solicited and given by private individuals to reimburse plaintiff for its subscription, among which was defendant's, sufficiently shows the delivery of such contract to plaintiff.

From the Madison Circuit Court. *Affirmed.*

*E. B. Goodykoonts* and *G. M. Ballard*, for appellant.

*C. M. Greenlee* and *B. R. Call*, for appellee.

HENLEY, J.—In this action, appellee sued appellant in a complaint in one paragraph, wherein it was alleged, in substance, as follows: That appellee is a corporation, organized under the laws of the State of

Indiana; that on the —— day of March, 1893, the appellant, by his subscription to a certain contract, a copy of which is made a part of the complaint, promised to pay plaintiff the sum of $250.00; that on the 27th day of February, 1893, the appellee had entered into a contract with the Akron Steam Forge Company, by the terms of which contract it was agreed between appellee and said company that if appellee would subscribe to and agree to pay to said company the sum of $5,000.00, the said Akron Steam Forge Company would move her plant to the city of Elwood; that as an inducement to appellee to subscribe said sum for the location of said company's plant, subscriptions were solicited of private individuals to reimburse appellee for its said $5,000.00 subscription; that the said Akron Steam Forge Company has complied with and performed all the conditions of said agreement to the acceptance of the appellee; that among the subscriptions obtained from individuals to reimburse appellee was the subscription of the appellant, who was, at the time he made the same, appellee's secretary; that appellant had full knowledge of the purpose for which said subscriptions were being given, and made his subscriptions thereto, which, together with other subscriptions were made as an inducement to appellee to subscribe to said Akron Steam Forge Company the said sum of $5,000.00 for the location of the aforesaid plant; that the foundation of said company's works had been completed; that their buildings were under roof, and that more than thirty days had elapsed since the first shipment of their manufactured product from said works; that appellee refuses to pay said subscription, although the same is long past due, and payment thereof has been demanded. A copy of the contract entered into between appellant and said Akron Steam Forge Com-

pany is also filed with and made a part of the complaint.

A demurrer was filed to the complaint and overruled.

The evidence is not in the record, and the only question raised by appellant's assignment of errors, questions the decision of the lower court in overruling the demurrer addressed to the complaint.

The paper signed by appellant was in the following words and figures: "Subscriptions for the location of the Akron Steam Forging Works. We, the undersigned, severally subscribe the sums set opposite our names, the money to be used in the location and construction of the Akron Steam Forging Works, to be located on the outlot situated immediately adjoining the L. E. & W. and the P., C., C. & St. L. R. R., southeast of the crossing of said R. R's, in the city of Elwood, in Madison county, Indiana. One-fourth to be paid when foundation of said buildings are constructed, one-fourth when under roof, and one-fourth within thirty days after the first shipment of the products of said works, manufactured in Elwood, Indiana. Jesse C. Heller.   $250.00."

The complaint is founded upon the above contract, and upon the trial, judgment was rendered against appellant, and in favor of the appellee in the sum of $250.00.

A subscription is a written contract by which one engages to contribute a sum of money for a designated purpose.

To subscribe is to agree in writing to furnish a sum of money or its equivalent for a designated purpose. Anderson's Law Dict., 985.

Here, then, we have a written contract by which appellant agrees to pay the sum of $250.00, the designated purpose being to secure the location and con-

struction of the Akron Steam Forge Works at a particular place in said contract set out. But who shall enforce this agreement? Manifestly, the mere signing of such a contract gave it no force or effect. In the hands of the subscriber it was worthless. To give it effect it must have been delivered to some party who was willing to and did accept the proposition, and who did perform or secure the performance of the conditions therein imposed. Until this was done, such a proposal was not enforceable. It was a naked proposition or offer, good for the amount named to the party to whom it was delivered by the subscriber, if such party agreed to and did accept and perform the obligations therein imposed. Its enforcement did not depend upon the subscription of a certain amount by any other person, or the raising of any aggregate amount by any number of persons. The only condition attached thereto was that a certain manufacturing establishment should be located and operated at a certain place. The only question, then, is whether the complaint shows the delivery of this proposition to appellee, and its acceptance and performance thereof.

The acceptance of the proposition and the performance of the object sought to be obtained by this subscription is abundantly shown. It is alleged that appellee subscribed to and contracted to pay the Akron Steam Forge Company the sum of $5,000.00; that in consideration therefor the said company did establish its works at the city of Elwood, and did perform all the conditions of the contract so that said subscription became a valid and binding obligation upon the appellee. Here, then, we have the object of appellant's subscription accomplished, and the fact, if it was a fact, that appellee had violated its contract with the Akron Steam Forge Company does not affect or lessen the consideration for appellant's donation.

But it is claimed by appellant's counsel that the complaint does not allege a delivery of the subscription to the appellee, and that it does not allege facts from which a delivery could fairly be inferred, and they rely upon the case of *Petty* v. *Board of Trustees, etc.,* 70 Ind. 290, wherein it is said: "It is alleged that the defendant 'subscribed, under a heading in writing as follows,' and then the instrument is set out. The delivery of the instrument was necessary to its binding force. The paragraph does not allege the delivery of the instrument, nor anything from which delivery could be legitimately inferred. If it had been alleged that defendant executed the instrument, that would have been sufficient; for it is familiar law that the execution of an instrument includes its delivery. But subscribing an instrument does not imply its delivery. A man may subscribe a promissory note, yet, until its delivery it has no binding force."

We are not inclined to find fault with the law as laid down in the case last cited. It is a plain statement of elementary principles. But we believe the complaint in the case at bar states facts from which the inference of delivery must necessarily follow.

Thus it is alleged in the complaint that certain subscriptions were solicited and given by private individuals to reimburse appellee for its subscription for the location of said manufactory. Given by private individuals to whom? Manifestly, no other inference could be drawn but that they were given to appellee. "That among such subscriptions was the subscription of the defendant" (appellant). "That defendant (appellant) had full knowledge for what said subscription was being given * * * * which, together with other subscriptions, was made as an inducement to this plaintiff to subscribe to said Akron Steam Forge Company the said sum."

Taking the facts alone, without reference to the allegation in the complaint that appellant at the time he subscribed the $250.00 was appellee's secretary, and necessarily had charge of appellee's books and papers, etc., we believe the signing and delivery of the contract as counted upon in appellee's complaint, are fully shown. Thus the two parties necessary to every agreement became fixed. Appellee having accepted appellant's subscription and incurred and performed the conditions therein imposed, became the real party in interest, and could maintain this action against appellant to enforce the payment of the amount agreed to be paid by appellant.

We find no error in the record which would call for a reversal of the judgment of the lower court.

Judgment affirmed.