## FRICK COMPANY *v.* BARRETT.

[No. 2,709.   Filed Nov. 30, 1898.   Rehearing denied Feb. 2, 1899.]

CONTRACTS.—*Delivery.*—*Complaint.*—Where it is alleged in a com- plaint on a contract that it was executed in duplicate, by two parties, it will be presumed, in the absence of any showing to the contrary, that each of them retained a copy; and it is not necessary to allege delivery.  *pp. 543-545.*

EVIDENCE.—*Weight.*—*Appeal and Error.*—The Appellate Court will not reverse a judgment on the weight of the evidence, where there is evidence sustaining the judgment.  *pp. 545, 546.*

From the Morgan Circuit Court.  *Affirmed.*

*Oscar Matthews*, for appellant.

*L. P. Newby* and *C. G. Renner*, for appellee.

WILEY, J.—Appellant sued appellee upon a prom- issory note, which was originally $2,000, but, preced- ing the commencement of the action, appellee had made a payment upon it of $1,500. Appellee filed an answer of general denial and a cross-complaint. In the latter, appellee admits the execution of the note sued on, but avers: That the consideration of the

note was part of the contract and purchase price of certain machinery, etc., bought by appellee of appellant for the manufacture of ice and the erection and building of an ice plant, pursuant to an agreement between the parties; that, after said note became due, a controversy arose between appellant and appellee as to parts of said ice plant for which the note was given; that in order to settle said controversy, appellant and appellee, on the 27th of January, 1897, entered into a written contract that, in consideration of appellee paying to appellant $1,500 cash on said note, appellant would furnish certain additional articles to complete and equip said plant. By the terms of said agreement, said articles were to be furnished and delivered to appellee, and placed in position in said ice plant, according to the directions of appellee, within thirty-five days from the date of the contract; that if so furnished and delivered and placed within thirty-five days, then appellee was to pay the balance of said note; but, on failure or refusal of appellant to perform its part of the agreement within the time fixed, then appellant was authorized to buy and place said articles at his own expense in said plant, and in which event the balance due on said note was to be "deemed fully paid, satisfied, settled, and canceled." That appellant has wholly failed to comply with its said agreement, and did not, within the time fixed by said contract, furnish, deliver, and place in said plant said articles, within the thirty-five days, and appellee was compelled to, and did, purchase said articles at his own expense. The contract referred to is filed as an exhibit to the cross-complaint, and the relief asked is that the note sued on be declared fully paid and satisfied, and that it be canceled. A demurrer to this cross-complaint was overruled, and appellant replied in two paragraphs.

The first was a general denial, and the second set up affirmative matter; but, as no question is presented to its sufficiency, we need not extend this opinion by further referring to it.  Upon the issues thus joined, trial was had by the court, without the intervention of a jury, resulting in a finding and judgment in favor of appellee, in which it was adjudged that the note in suit should be canceled and satisfied.  Appellant moved the court for a new trial, on the ground that the decision was contrary to law, and not sustained by sufficient evidence, which motion was' overruled. The assignment of error challenges the action of the court in overruling appellant's demurrer to the second paragraph of appellee's answer or cross-complaint, and its motion for a new trial.  It will be observed that, by the averments of the second paragraph of appellee's answer, appellant and appellee, after the maturity of the note sued on, which was the contract between them, entered into a subsequent contract which abrogated the original contract.  It is averred that there was a controversy between them as to their respective rights under the original contract, and by the subsequent agreement said controversy was adjusted, by the terms of which new and additional obligations were imposed on each of them.  There is no question but what the parties had the right to enter into these new contractual relations, and that there was a sufficient and valuable consideration to bind each of them.  This proposition is conceded by appellant, but it insists that the second paragraph of answer is insufficient, because it does not aver that the new agreement or contract was ever delivered.  It is probably true, as insisted by appellant, that, before said contract became effective, there had to be a delivery of it; but we think it affirmatively appears, both by the averments of the answer and the .

contract itself, that it was delivered. The answer avers that appellant and appellee "did, on the 27th day of January, 1897, contract and agree between each other," etc. The agreement which accompanies the answer, and is a part of it by exhibit, contains the following: "This contract and agreement, made and executed in duplicate, this 27th day of January A. D. 1897." At the conclusion of the contract is the following language: "Witness our hands and seals, this — day of January, 1897;" following which are the signatures of the parties. It is also further averred in the answer, "that said plaintiff (appellant) has wholly failed and refused to comply with its part of said contract, executed January 27, 1897." The contract on its face shows that it was executed January 27, 1897, and the answer avers with particularity that it was executed on that day. The answer does not, in express terms, aver that the contract was "delivered," but this was not necessary to make it good. Appellant cites two cases, *Elliott* v. *Champ*, 91 Ind. 398, and *Petty* v. *Board, etc.*, 70 Ind. 290, to support the proposition that, as the second paragraph of answer is based upon a breach of a written contract, it was necessary to aver that it was delivered. These cases do not lend any strength to appellant's contention. In *Elliott* v. *Champ, supra*, the action was upon a written proposition signed by Champ alone, wherein he agreed to place certain property in the hands of appellants for sale, and by the terms of which he was to pay them a fixed commission for effecting a sale. In the writing was also a stipulation that if Champ should sell the property himself while it was in the hands of appellants for sale he would pay them the full commission. The agreement or proposition was not signed by appellants, and there was no averment of its delivery to or acceptance by them. The complaint

was held bad because the mere subscribing of an instrument does not imply its delivery, and there was no averment of delivery. In *Petty* v. *Board, supra,* the complaint alleged that the defendant (appellant) had "subscribed under a heading as follows,"—setting out a subscription to a church over defendant's signature; but there was no averment of its execution or delivery. For such omission the complaint was held bad. In that case the court said: "A man may subscribe a promissory note, yet, until its delivery, it has no binding force." In other words, a note is not executed till its delivery, for delivery is an essential element in its execution. The mere statement of the facts in these two cases clearly distinguishes them from the one we are now considering. In this case there is a specific and clear averment in the second paragraph of answer that the contract relied upon and set out in the answer was "executed" in duplicate on the 27th day of January, 1897, and it also appears that appellant acted upon it. It having been executed, it must be presumed to have been delivered, and no express averment of its delivery was necessary. Where a contract is executed in duplicate, by two parties, it will be presumed, in the absence of any showing to the contrary, that each of them retains a copy. There was no error in overruling the demurrer to the second paragraph of answer or cross-complaint.

Appellant next insists that the decision of the court is contrary to law, and not sustained by sufficient evidence, and that it was error to overrule its motion for a new trial. To determine this question, we must look to the evidence. After a careful examination of all the facts disclosed by the evidence, we are forced to the conclusion that there was abundant evidence before the trial court to support the finding and judg-

ment; and hence, under the long established rule in this State, we are not authorized to reverse the judgment. The trial judge had all the witnesses before him, heard and weighed the evidence, and determined the pivotal facts in favor of the appellee. There being evidence to support the conclusion reached, we cannot disturb it. Judgment affirmed.