Melancon, Wife, vs. Wilson, Husband.

No. 14,229.

MRS. MARIE MELANCON, WIFE OF CAMPER WILSON, VS. CAMPER WILSON, HER HUSBAND.

1. The fact that the defendant, against whom a decree of separation from bed and board has been rendered, which is still subject to devolutive appeal, makes the objection that the judgment is final and that an action brought by the plaintiff for the partition of the community presents new matter and should be filed and docketed as a separate suit, does not amount to an acquiescence in the judgment of separation from bed and board and does not cut off the right of appeal therefrom.

2. Whilst it is true that a moneyed demand, coupled with a demand for separation from bed and board, may be incidental thereto, and may be carried with it for the purposes of jurisdiction, and whilst it is true that the appellate jurisdiction of this court extends to suits for separation from bed and board and for divorce "and to all matters arising therein," it does not follow that such jurisdiction extends to a suit, brought after a judgment of separation from bed and board has become final, for the partition of community property valued at less than $2000, when it appears that there was no demand for such partition in the suit in which such judgment was rendered and that no question of partition was raised on the trial, or passed on in the said judgment. *Non constat* but that the parties might intend to pretermit the partition indefinitely and transmit it to their heirs.

A PPEAL from the Civil District Court, Parish of Orleans.—
  *King, J.*

*Gustave V. Soniat,* for Plaintiff, Appellee.

*W. R. Kerr* and *E. C. Kelly,* for Defendant, Appellant.

MR. JUSTICE BREAUX, dissenting, handed down a separate opinion.

ON MOTIONS TO DISMISS APPEALS.

STATEMENT.

The opinion of the court was delivered by

MONROE, J. In the original petition filed in this case, the plaintiff prayed for judgment of separation from bed and board, for her interest in the community, and for the restitution of $200 of paraphernal funds, and she asked for an allowance of $25.00 a month as alimony, for an inventory of the property of the community and for an injunction restraining her husband from disposing of the same and from molest-

ing her, and the injunction was issued, and the inventory ordered to be taken as prayed for. The defendant, by way of reconvention, also prayed for judgment of separation from bed and board, and for a settlement of the community. The inventory as taken showed community property to the value of $1664.00. There was judgment, in January, 1901, in favor of the plaintiff, on the main demand, and awarding her one-half of the property of the community, subject to the payment of its debts, rejecting her demand as to the $200 claimed, and condemning the defendant for costs. In March, following, plaintiff filed a petition, under the title and number of the original suit, for a partition of the property of the community, to which the defendant excepted, that a final judgment had already been rendered which terminated the original suit and that the action for partition, constituting new matter, should have been brought as a separate proceeding; and, reserving the benefit of the exception, he answered, admitting that a final judgment had been rendered decreeing a separation from bed and board and a dissolution of the community, but especially denying that such judgment effected a partition of the property, and alleging that it left the plaintiff and himself joint owners thereof; and the answer otherwise denied the allegations of the petition, and set up certain matters of defense. No action appears to have been taken on the exception, and, in June, 1901, there was judgment for plaintiff, decreeing a partition and ordering a sale to effect the same; holding that five-sixths of the real estate belonged to the community and one-sixth to the husband; and further as follows: "Decreeing said plaintiff to be entitled to one-half of all the immovables, including improvements to real estate, which the court finds to be $454.00, one-half of this belongs to said plaintiff, to-wit, $227.00." And the judgment further fixed the fee of the notary and appraisers and taxed the costs to the mass. In August, following, the plaintiff caused execution to issue on this judgment, for $227.00, and for $19.45 as costs, whereupon, the defendant injoined, on the ground, that the partition which had been decreed had not been effected and that the judgment had been incorrectly interpreted and did not authorize the execution as issued. The defendant in injunction filed an exception to this petition and also moved to dissolve the injunction, and the exception and motion were maintained and the injunction was dissolved and the suit dismissed by a judgment rendered October 21st, and signed October 25th, 1901. Thereafter, on November 6th, the plaintiff in injunction appealed, suspensively, from

the judgment dismissing the injunction suit, and, devolutively, from the judgment decreeing the partition and condemning him for the two items of $227.00 and $19.45, the suspensive appeal being made returnable on the third Monday of November and the devolutive appeal on the first Monday of December. Both appeals were brought up in one transcript, which was filed, for the one appeal, November 20th, and for the other, December 5th. The only citation which we find, however, relates to the appeal returnable December 5th. The plaintiff moves to dismiss these appeals, on the ground, among others, that this court is without jurisdiction *ratione materiae.*

After these proceedings had been taken, the defendant, upon December 9th, took a devolutive appeal from the judgment of separation from bed and board, and obtained, from this court, an order, made "without prejudice," and subsequently rescinded, to consolidate it with the appeals already filed; and the appellee moves to dismiss said appeal, on the ground that the judgment appealed from has been acquiesced in and that the appeal is taken only for the purpose of sustaining the appeals previously taken.

## OPINION.

Considering the motion last above mentioned; the defendant, undoubtedly, had the right to appeal, at any time within twelve months, from the judgment obtained by his wife decreeing a separation from bed and board, and we are of opinion that the facts disclosed by the record do not warrant us in holding that he deprived himself of that right by acquiescence, the more particularly as, in view of the settled policy of our law, the courts of this state will not lend their aid to the dissolution of marriages by the consent or acquiescence of the parties. The most that can be said as to the attitude of the defendant is, that he contended in the district court that the suit for separation from bed and board and for the dissolution of the community was a distinct affair from the suit, which followed, for the partition of the community property, and that, the judgment in the former suit having become final, in the district court, the suit for partition should have been filed and docketed as a separate proceeding. This does not amount to an acquiescence in the judgment decreeing the separation from bed and board, and whatever may have been the defendant's views, at that time, and whatever may be his motive now, he did not thereby lose his right to appeal from that judgment, and his appeal must, therefore, be sustained.

Considering the motion to dismiss the appeal taken from the judgment decreeing the partition; the objection that this court is without jurisdiction *ratione materiae* is predicated upon the fact that the property of the community which was the subject of the partition is valued at but $1664.00, and it is said that, *quoad* this proceeding, the jurisdiction is determined by the amount in dispute, or the fund to be distributed, since the questions arising in the original suit related only to the separation from bed and board and the dissolution of the community. This seems to us to be a serious objection. The appellate jurisdiction of this court extends "to suits for divorce and separation from bed and board, and to all matters arising *therein.*" Constitution, Article 85. In the suit brought by the plaintiff she prayed for a decree of separation from bed and board; that an inventory be taken of the property in the possession of the husband, that he be enjoined from disposing of the same and from molesting her; that she be allowed alimony; and that she be allowed to recover all such rights and interests in and to the property standing in the name of the said Camper Wilson, or the community, as she might be entitled to. And the judgment rendered conformed, in the main, to the prayer of the petition; that is to say, it decreed the separation from bed and board, and decreed the plaintiff entitled to one-half of the community property after the payment of the debts, rejecting a claim for $200.00 set up in the petition but not specifically referred to in the prayer, and condemned the defendant to pay the costs. The question of the partition of the community property was not raised by the pleadings, did not arise in the course of the trial, and was not passed on in the judgment. It would be quite possible, that, in such a case, the parties litigant, having had their respective interests in particular property thus ascertained and fixed by judicial decree, might elect to hold such property in common for an indefinite period. As these is no law which compels co-owners to hold property in common, so, there is no law which compels them to effect a partition, and it is evident that the question of the partition of the community property does not, of necessity, arise in the suit for separation from bed and board, or divorce, merely because, in such a suit, the question of the dissolution of the community is involved. It was held by this court in the case of DeLesdernier vs. Same, 45 Ann. 1365, that, where, in a suit for separation from bed and board, there was also a prayer for a monied judgment "the action was an entirety" in which the principal demand was for the separation

from bed and board whilst the demand for the monied judgment was incidental, and that the latter was carried by the former, as, in a petitory action, the demand for fruits and revenues is carried by the demand for the property. But, in the case at bar, the demand for the partition was not made in the suit for separation from bed and board and no question of partition arose in that suit. It was deliberately pretermitted, and was made the subject of a separate litigation, and it might have been pretermitted during the lives of the parties interested, and transmitted to their heirs. As the matter stands, it is now brought to this court, not as having arisen in the suit for separation from bed and board, but as having arisen by reason of a suit filed three months after the judgment decreeing the separation from bed and board had been signed by the district judge. Under these circumstances, we are of opinion that the appellate jurisdiction of this court depends upon the value of the property which is the subject of the partition, and, as that is shown to be less than $2000, that the motion to dismiss must prevail.

The same reasoning necessarily applies to the appeal from the judgment dissolving the injunction sued out by the defendant and dismissing the suit brought by him to restrain the execution of the judgment rendered in the action for partition, and the same ruling must be made.

It is, therefore, ordered, adjudged and decreed, that the motion to dismiss the appeal taken from the judgment decreeing the separation from bed and board be denied, and that the motions to dismiss the appeals from the judgments decreeing the partition and dismissing the injunction suit, respectively, be sustained, and that said appeals be, accordingly, dismissed.

Rehearing refused.

BREAUX, J., dissents.