## NEFF ET AL. *v.* MASTERS ET AL.

[No. 21,496.   Filed November 23, 1909.]

1. TRIAL.—*Instructions.—Exceptions.—Time for Taking.*—Prior to 1903, exceptions to the giving or refusing of instructions could not be taken after the return of the verdict.   pp. 198, 199.

2. TRIAL.—*Instructions.—Exceptions.—* *Time for Taking.*— Under §561 Burns 1908, Acts 1907, p. 652, exceptions to instructions may be taken at any time during the term at which they were given or refused, but they are not considered as taken until they are dated and signed.   p. 198.

3. TRIAL.—*Instructions.—Exceptions.—* *Time for Taking.*— Where the verdict in a case was returned on April 14, the motion for a new trial filed on April 25—the last day of the term—and the exceptions to instructions taken on April 27, such exceptions are not in the record, and no question can be raised on the instructions.   p. 198.

4. TRIAL.—*Instructions.—Exceptions.—* *How Taken.*— Under §561 Burns 1908, Acts 1907, p. 652, exceptions to the giving or refusing of instructions must be signed by the party or his counsel.   p. 198.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Highway petition by Jonathan Masters and others, against which Thomas Neff and another remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Arthur Metzler,* for appellants.
*Holman, Stephenson & Bryant,* for appellees.

MONKS, J.—This proceeding was brought by appellees in May, 1907, before the Board of Commissioners of the County of Fulton, to locate and establish a public highway. Such proceedings were had before said board that a judgment was rendered establishing said highway, and for damages in favor of certain remonstrators. Appellants appealed from said judgment to the court below, where the case was tried by a jury, and a verdict returned establishing said highway and fixing appellants' damages. Appellants' motion for a new trial was overruled, and judgment was rendered upon said verdict, from which appellants appeal.

The only error assigned calls in question the action of the court in overruling appellants' motion for a new trial.

Appellants insist that the court erred in giving (1) each of certain instructions on its own motion, (2) each of certain instructions requested by appellees, and (3) in refusing to give instruction one, requested by appellants.

Appellees contend that said instructions given and those refused "are not in the record in such a way as to predicate error upon any of them, and that no exceptions were taken to any of the instructions given or refused at the term at which the cause was tried."

The case was tried at the March term, 1908, of the court below, and the verdict returned by the jury on April 14, the twentieth judicial day of said term. The motion for a new trial was filed April 25, 1908, the same being the thirtieth judicial day, which was the last day of said term. The exceptions to the instructions given and to the action of the court in refusing to give those requested by appellants were taken on April 27, 1907, as shown by the record when

filed in this court. After the record was filed in this court, appellants filed an application in the court below for a *nunc pro tunc* entry, to show that said exceptions were taken on April 25, 1908, instead of April 27, 1907. On a hearing of said application the court ordered "that the date be and the same is hereby corrected *nunc pro tunc* to read 1908, instead of 1907." As corrected, the record shows that the exceptions to the giving and the refusing to give instructions were taken on April 27, 1908, which was after the expiration of the term at which said cause was tried.

Prior to the taking effect of the act of 1903 (Acts 1903, p. 338, §544a Burns 1905), exceptions to the giving or the refusing to give instructions could not be taken after the return of the verdict by the jury. *Hawley* v. *State, ex rel.* (1879), 69 Ind. 98, 101, 102; *Vaughn* v. *Ferrall* (1877), 57 Ind. 182, 185, and cases cited; Ewbank's Manual, §§24, 28. Section one of said act of 1903, as amended in 1907 (Acts 1907, p. 652, §561 Burns 1908), provides that "exceptions to the giving or refusing of instructions may be taken at any time during the term" at which said instructions were given or refused. But when exceptions are taken in writing to the giving or refusing to give instructions under §561, *supra,* the exceptions are not taken until dated and signed. *Providence Washington Ins. Co.* v. *Wolf* (1907), 168 Ind. 690, 707. It is evident, therefore, that no question is presented by the record as to the instructions given or refused.

Besides, said exceptions to the giving and refusing to give instructions were signed by the trial judge. They were not, therefore, properly taken under §561, *supra,* even if the exceptions had been taken on April 25, 1908, the last day of said term of court, and dated and signed on that day by the trial judge, because exceptions taken under said section must be signed by the party excepting or his counsel. *Muncie, etc., Traction Co.* v. *Black* (1909),

*ante*, 142. If exceptions may still be taken to the giving or refusing to give instructions under §560 Burns 1908, §535 R. S. 1881, which authorizes the judge to sign the same, they must, as we have shown, be taken before the return of the verdict of the jury. As said exceptions were taken many days after the verdict was returned by the jury in said case, the same were not taken as required by §560, *supra*.

After a careful consideration of the evidence, we cannot say that as to any issue in the case the verdict was not sustained by sufficient evidence or was contrary to law.

Judgment affirmed.