FIDELITY & DEPOSIT COMPANY OF MARYLAND, A CORPORATION, *Plaintiff in Error, v.* ELLA BROWN, *et al., Defendants in Error.*

Division B.

Opinion Filed January 14, 1926.

48

*Marks, Marks, & Holt* and *Doggett, Christie & Doggett*, for Plaintiff in Error;

*Geo. C. Bedell* and *A. H. King*, for Defendants in Error.

PER CURIAM.—Judgment for $7,500.00 damages was obtained June 25, 1925, against the Fidelity and Deposit Company of Maryland, a corporation, as surety on a sheriff's official bond, upon declarations alleging that G. P. Stewart, a deputy sheriff, in attempting to arrest Roscoe Brown, wrongfully and negligently shot and killed the said Roscoe Brown, a minor. In another action against the same defendant as surety on the official bond of the same G. P. Stewart, as a special officer under Chapter 8539, Laws of Florida, and as surety on the official bond of the same G. P. Stewart, as deputy sheriff it is alleged that G. P. Stewart in attempting to arrest Roscoe Brown wrongfully and negligently shot and killed the said Roscoe Brown, a minor, the defendant, on June 25, 1925, pleaded the judgment obtained against the defendant as surety on the sheriff's bond alleging that said "judgment is still in force and effect." On August 20, 1925, the defendant took writ of error to the judgment against it on the sheriff's bond, and the plaintiffs below now move for a dismissal of the writ of error on the ground that the error complained of, if any, was waived by the plaintiff in error by the filing of the plea in the other action as stated above.

It does not appear that the plea referred to has been sustained; and the plea does not allege that the judgment has been satisfied or that it is valid and binding on the defendant or that the judgment is not subject to a writ of error.

The allegation that the "judgment is still in force and effect," is a recognition of the existence of the judgment, but it is not an allegation of its validity or an acquiescence in the judgment, the time for taking a writ of error not having elapsed. The plea is not inconsistent with the exercise of the right to take writ of error to the judgment and its filing is not a waiver of errors, if any, in the judgment of a waiver of the right to take writ of error as the law provides. See Missouri, K. & T. Ry Co. v. Bagley, 65 Kan. 188, 69 Pac. Rep. 189; Melancon v. Wilson, 107 La. 628, 31 South. Rep. 1029; Ostrander v. Campbell, 3 N. Y. S. 597; Brewster v. Wooster, 26 N. Y. S. 912; Elliott v. Champ, 91 Ind. 398.

Motion to dismiss denied.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS, J., concur in the opinion.